John D. Bennett, S.
In this proceeding to compromise a cause of action for wrongful death, which was settled during a trial in the Supreme Court for $6,000, the Nassau County Board of Public Welfare has filed a claim against the share of the widow in the settlement proceeds. The claim is based on an assignment by her to the board in consideration of welfare assistance given to her, which assistance presently amounts to $2,671.98.
Apparently the Supreme Court settlement apportions the entire recovery to the wrongful death action, and none to any claim for personal injuries. In any event, such a conclusion is warranted from the papers which reveal that the decedent for all practical purposes met his death instantaneously.
Therefore the funds recovered, being for the wrongful death of the decedent, form no part of the decedent’s general estate and may not be distributed to creditors, except as permitted by section 133 of the Decedent Estate Law (Matter of Courselle, 114 N. Y. S. 2d 10, and cases there cited).
However, the status of the board is not only that of a creditor, but also that of an assignee. While the representative of an estate is required to bring an action for wrongful death, the next of kin are vested with a property right in such action, which interest is descendible and transferable (Rice v. Postal Telegraph-Cable Co., 174 App. Div. 39, affd. 219 N. Y. 629; Edwards v. Sullivan, 200 Misc. 488).
Since the widow’s interest in the recovery has been validly assigned, her present attempt to waive any interest in the recovery in favor of the infants is ineffectual: “ A valid assignment operates to transfer to the assignee all the right, title or interest of the assignor in the thing assigned and passes the whole right of the assignor, nothing remaining in him capable of being assigned, and he has no further interest in the subject of the assignment.” (Acetate Box Corp. v. Johnsen, 193 Misc. 54, citing 6 C. J. S., Assignments, § 82, pp. 1136, 1137.) (Italics supplied.)
The petitioner is directed to supplement her petition by such facts as would indicate her age at the time of the decedent’s death, also the life expectancy table, if any, used in the settle *640 ment of the action in the Supreme Court and, if none, the life-expectancy table upon which the petitioner will now rely, together with a proposed distribution in accordance with Matter of Kaiser (198 Misc. 582).