Louis B. Heller, J.
Plaintiff moves for an order directing the Department of Social Services of the City of New York to issue a waiver to the Finance Administration of the Department of Treasury of the City of New York to authorize and permit the defendant City of New York to make payment in the sum of $80,000 in settlement of this action.
The controversy here in issue arises out of the following facts:
Deceased, Jerome Smith, estranged husband of plaintiff, Sylvia Smith, died as a result of the hospital and medical malpractice of the City of New York. He left surviving, in addition to plaintiff, three infant children of the marriage, and his mother.
An action was commenced by plaintiff as administratrix of the estate of her deceased husband, which was settled during trial for $80,000. An order of settlement was prepared providing for the infant children, and the mother of the deceased. No provision was made for plaintiff wife’s share in the compromise order of settlement, she having renounced her distributive share in the proceeds.
Based upon these facts, plaintiff brings this motion.
Defendant, City of New York, opposes plaintiff’s application on the ground that on March 22,1968 plaintiff had executed and delivered to the Commissioner of Social Services, an assignment of all her right, title and interest to the proceeds of any action or claim arising from the injuries sustained by her deceased *724 husband. Defendant also argues that plaintiff could not legally waive her distributive share and that her share of the estate is subject to a claim of the Department of Social Services for public assistance rendered to plaintiff in the net sum of $19,990.40.
The court is of the opinion that, under the circumstances, plaintiff was not in a legal position to renounce her distributive share.
An assignment operates as a complete transfer of all right, title and interest to funds assigned, and the assignor no longer has any further interest in those funds (see General Obligations Law, § 13-105 [formerly Personal Property Law, § 41]; Continental Purch. Co. v. Van Raalte Co., 251 App. Div. 151). Moreover, a distributee may not renounce once he has accepted any part of the distributive property (see McKinney’s Cons. Laws of N. Y., Book 17B, EPTL 4 — 1.3, Practice Commentary, par. [4]), and ‘ * a person [is .deemed to accept] a share of the decedent’s property if he voluntarily transfers or encumbers, or contracts to transfer or encumber all or part of such share (EPTL 4r-1.3, subd. [e].) The prior assignment by plaintiff was a clear indication of plaintiff’s acceptance of her distributive share in her husband’s claim and therefore she was not legally capable of renouncing her interest in the estate.
The case of Matter of Hamilton (N. Y. L. J., Dec. 15, 1972, p. 15, col. 1) cited by plaintiff is not applicable; that case did not involve an assignment of the beneficiary’s interest.
The fact that plaintiff’s husband may not have supported plaintiff during his lifetime is not relevant. Section 104 of the Social Services Law provides, in part, that a claim asserted by a public welfare official against any person shall not be “impaired, impeded, barred or defeated, in whole or in part, on the grounds that another person or persons may also have been liable to contribute.”
Accordingly, the motion is denied in all respects.