OPINION OF THE COURT
Arthur E. Blyn, S.
This proceeding presents the question as to whether there can be an implied renunciation. It arises in an application by *229 alleged contingent remaindermen to compel delivery of property pursuant to SCPA 2105. The petitioners, Alice Ruth Mendelson and Albert H. Bernstein, are children of the testator, who died on December 13, 1957, leaving a will which was admitted to probate in this court on April 23, 1958. It is the contention of the petitioners that Perry Marshall Bernstein, another son of the testator, has renounced and disclaimed all interest to his legacy under the will of the deceased and that by his conduct has manifested an intention that the property involved be transferred to the petitioners, including the sum now on deposit with the Finance Administrator to the credit of said Perry Marshall Bernstein. They argue that "such disclaimer, renunciation and expression of intent establishes the rights of the petitioners” as contingent remaindermen under the will. By the terms of subdivision (b) of paragraph Fifth of the will, the testator established a residuary trust for the benefit of his son, Perry Marshall Bernstein. He directed his trustee to pay the income earned thereon to his son until he attained the age of 25, at which time the trust was to terminate and the principal paid to him. He further provided that in the event his son, Perry, should die before reaching the age of 25, the principal of the trust fund would go to his issue, and on default of any such issue, then in equal shares to the petitioners and their issue.
It is conceded that the beneficiary (Perry) attained the age of 25 on February 5, 1974. The record in this case shows that the beneficiary, prior to and after attaining age 25, has not accepted any of the benefits of the trust. Upon the executors’ account a sum amounting to $17,391.42 was tendered to the beneficiary by check. This check was not cashed and that sum was ultimately deposited with the Finance Administrator to the beneficiary’s credit (order of this court dated December 26, 1973). The trustee has petitioned this court for a voluntary accounting and for instructions, stating in his affidavit that he has attempted to distribute income amounting to $7,270.42 to the beneficiary but that the checks by which the distribution was attempted were not cashed. He states that the principal amounts to $37,315.57. It is alleged that although notice of service of the proceedings that are here involved was given to the beneficiary, he has not appeared in court either personally or by attorney and that he has totally ignored all repeated requests by the fiduciary to come forward and collect his moneys.
*230 Renunciation of testamentary bequests is governed by EPTL 3-3.10.
The statute requires that a renunciation shall be in writing, signed and acknowledged by the person renouncing and shall be filed in the Surrogate’s Court having jurisdiction over the decedent’s estate. A renunciation filed and served under this section may be revoked in the discretion of the Surrogate. (EPTL 3-3.10, subd [f]; see Matter of Wilson, 298 NY 398 and Matter of Johnston, 164 Misc 469.)
No one disputes that the beneficiary has not renounced in the manner required by the statute. It is contended by the petitioners, however, that renunciation by implication is established under the facts set forth herein.
A conference was held before the court, at which the respondent-beneficiary did not appear, in an attempt to clarify the position of the beneficiary. The court directed the petitioners to proceed by order to show cause to be served upon the beneficiary in person and by all other means of service.
To insure that the beneficiary fully understood the possible effect of his continued failure to appear before the court, it directed that a special notice be.appended to the order to show cause. The notice spelled out in clear lay language the substance of the order to show cause and pointed out the possible serious consequences to himself, his mother, and any of his heirs by his continued default in appearing in the proceeding.
Upon the return date of the order to show cause, the beneficiary-respondent did appear, pro se, and in open court submitted his written answer to the petition, and on oral argument expressly submitted himself to the jurisdiction of this court but denied the court’s jurisdiction over the subject matter of the petition. He declared that he has not, does not and will not renounce his legacy and that he will accept the funds due him.
"A legatee of an unconditional legacy need never formally accept the legacy. If he does not wish it, he must affirmatively renounce it. So long as it is not needed for creditors of the deceased or for administration expenses, no one has the power to deprive him of it. He may not rid himself of his legacy except by his own affirmative act. ” (Matter of Wilson, supra, p 403.)
It requires no extended discussion of law to support the conclusion that there has been no renunciation of the legacy *231 and that the petitioners have no standing to compel delivery of the property for the reason that the contingency expressly provided, namely, termination of the trust upon age 25, defeats any interest which they may have had under the terms of the will. This petition is dismissed.
The trustee is directed to serve a copy of his petition and account to the beneficiary within 30 days from the date of entry of the order to be made thereon and the beneficiary shall have 30 days within which to file any objections to the account, if he be so advised.