OPINION OF THE COURT
Bertram R. Gelfand, S.
This is an application to modify letters of administration to facilitate the receipt of the proceeds of an action for wrongful death, settled after conference in the Appellate Division, to judicially settle the account of the fiduciary and for other incidental relief. Decedent died September 19, 1970 survived by his widow and two children. Limited letters of administration were issued to the guardian of the then infant widow on April 12, 1971. Decedent died possessed of no assets other than the causes of action here at issue.
*421 In the instant proceeding a citation was issued to the Dutchess County Department of Social Services to show cause why the widow should not be permitted to waiver her interest in the settlement fund. This agency has not appeared in the proceeding nor has any evidence been submitted indicative of an assignment by the spouse in favor of the Department of Social Services. (Cf. Smith v City of New York, 74 Misc 2d 723.) An issue has been presented as to whether the procedure pursued to permit the widow to forego her interest in the settlement is precluded by EPTL 4-1.3 (the provisions of which are incorporated in EPTL 2-1.11, eff Aug. 11, 1977). This statute creates a very specific procedure and timetable for the renunciation of a disposition or intestate share.
Primary to determining the impact, if any, of EPTL 4-1.3 upon the issues in this matter is whether the statute is applicable to the proceeds of a recovery derived from the wrongful death of decedent. If the statute does apply, then clearly the effort of the decedent’s widow to bereft herself of any share in the recovery is defective both as to timeliness and form. However, examination of the renunciation statute clearly indicates that it is limited to the distribution of testamentary or administration assets, or the exercise of a power created by a testamentary instrument. The proceeds of the recovery of an action for wrongful death fall into none of these categories. Such fund is not a sum which a decedent may pass by testamentary instrument nor is it a fund in which the distributees of an intestate decedent have an automatic right equal to their intestate interest in the estate (Gross v Abraham, 306 NY 525, 530; Western Union Tel. Co. v Cochran, 277 App Div 625, affd 302 NY 545, rearg den 303 NY 665; EPTL 5-4.4, subd [a], par [1]).
Whether a decedent dies testate or intestate the proceeds of a recovery for wrongful death constitute a property right of those distributees of a decedent who have sustained a pecuniary loss as a result of his death (EPTL 5-4.1). The nature of this right and the parties in whom it vests is not alterable by a testamentary provision. Decedent’s legal representative receives the fund in the posture of a statutory trustee for the persons having a vested beneficial interest in the fund as a result of having sustained a pecuniary loss. (Central N. Y. Coach Lines v Syracuse Herald Co., 277 NY 110; Baldwin v Powell, 294 NY 130.) The scope of this loss although vested at death, is not determined until an accounting proceeding after *422 the fund comes into existence as a result of a judgment or settlement.
The lack of applicability of the renunciation statute to a recovery for wrongful death is further verified by the wording of EPTL 2-1.11 itself. Implicit in the language of the statute is that it is intended to apply to all "dispositions”. EPTL 2-1.11 (subd [a], par [1]) contains a definition of "disposition” that clearly does not include a recovery for wrongful death.
There does not appear to be any specific statutory procedure that must be followed for one to forego a claim to share in a wrongful death recovery. In the instant matter the only party who might be adversely affected by the relief sought in the petition is the Department of Social Services. This agency received notice in the citation of the proposed distribution that omitted any share for the widow with her consent. The Department of Social Services defaulted. By their default they have foregone the opportunity to present any legal or equitable argument why the distribution proposed in the citation should not be approved. In effect, their default is an implicit consent by the only party adversely affected to the relief sought in the petition.
Accordingly, the net sum remaining for distribution shall be apportioned in accordance with Matter of Kaiser (198 Misc 582), 47% to Kim Mara Joy Summrall and 53% to Lissandre Hope Summrall. The distribution due to said infants shall be paid to the guardian clerk of the Surrogate’s Court issuing letters of guardianship of their property. The designation of such guardian of the property of each infant shall be completed prior to the entry of the decree to be settled herein.
James Curry and Clara Curry are to be reimbursed for the funeral expenses in the amount disbursed by them. After conference with the court, the objection raised by the guardian ad litem as to the fee paid to the actuary has been withdrawn. The fee of the attorneys for the petitioner is fixed and allowed in the sum requested plus disbursements inclusive of any services required to complete the appointment of guardians of the property of the infants.