OPINION OF THE COURT
Millard L. Midonick, S.
This is an application by the Commissioner of Social *1028 Services of the City of New York to revoke letters of administration, appoint a successor administrator and to set aside a renunciation filed by the administrator renouncing the decedent’s intestate share in the estate of Jacob Schiffman, a predeceased son of decedent.
Jacob Schiffman died intestate on May 12, 1978. His mother, who was his sole distributee, died intestate a few months later on August 24, 1978. At the time of her death, decedent resided in a nursing home, the cost of which was paid for through Medicaid. Her sole asset was her interest in Jacob’s estate, which she took no steps to secure before her death. One of her two surviving sons applied for letters of administration on her estate for the express, and sole, purpose of renouncing her interest in Jacob’s estate. After letters were issued, and as required by EPTL 2-1.11 (subd [c]), the administrator of her estate applied to this court for authority to renounce decedent’s interest in Jacob’s estate. In his petition, he not only pointed out that there might be claims against her estate for reimbursement of the Medicaid payments made on her behalf, but also stated unequivocally that the purpose of the renunciation was to deny the potential claimants the opportunity to reach the assets that would otherwise pass to her estate from Jacob’s. With full knowledge, therefore, of the administrator’s motives for renouncing the decedent’s interest in her son’s estate, the court approved his application. The effect of the renunciation was that Jacob’s estate passed to the decedent’s two brothers, one of whom is the administrator of the estate of the decedent herein.
The fact that both the purpose and result of the renunciation was to frustrate the claims of creditors in decedent’s estate is not in itself a ground for setting aside the renunciation; for, it is by now well established, and, indeed, the petitioner himself concedes that renunciation may be used to defeat the rights of creditors. (Matter of Dankner, 86 Misc 2d 1081; Matter of Hamilton, NYLJ, Dec. 15, 1972, p 15, col 1; Matter of Back, NYLJ, Dec. 9, 1977, p 7, col 3.)
A renunciation of an intestate or testate share is made retroactive to the date of death of the deceased and must be treated as if no. inheritance of gift ever passed to or vested in the person renouncing or, as here, in the person on *1029 whose behalf the renunciation is made. The inheritance therefore must be free of any claim of creditors, assignees or trustees in bankruptcy, regardless of their position visa-vis one another. The petitioner’s status as a preferred creditor, even if true, has no bearing therefore on the question of the validity of the renunciation.
The petitioner contends-that what renders its use for the intended purpose impermissible here is the fact that the renunciation was made by a fiduciary, whose personal interests moreover were served by the renunciation. The argument is twofold and essentially appears to be that a renunciation designed to avoid the claims of creditors is antipathetic to the fundamental obligation of a fiduciary to treat everyone interested in the estate in an evenhanded and disinterested manner, and that this inherent conflict is aggravated when the fiduciary himself stands to gain by the renunciation. The argument is refuted by the statute itself which specifically authorizes a fiduciary to renounce on behalf of a decedent. (EPTL 2-1.11, subd [c].) It was clear when the renunciation statute and its predecessors were enacted and experience has shown that the right to renounce interests in estates would be used primarily for two purposes: to avoid creditors’ claims or to minimize taxes. (Third Report of Temporary State Commission on Modernization, Revision and Simplification of Law of Estates, NY Legis Doc, 1964, No. 19, Report No. 1.6B, pp 237, 257; see, also, Matter of Dankner, supra; Matter of Hamilton, supra; 9 Rohan, NY Civ Prac, par 2-1.11 [2].) By extending without limitation that same right to personal representatives of decedents, the statute effectively sanctions its use by such fiduciaries in a manner that would necessarily prejudice the interests of creditors.
Once the principle is established that a distributee’s share may be placed beyond the reach of creditors by the simple expediency of a renunciation, for no other purpose than to avoid their claims, additional motives for doing so, whether self-serving or not, are superfluous. Moreover, the renouncing party is simply the catalyst for diverting the renounced interest from the hands of creditors. It is not he, but rather the renunciation statute, which treats the renouncing party as though he had predeceased the creator or decedent, *1030 in conjunction with the will or the statute of intestacy, as the case may be, which determines the ultimate disposition of the diverted property. Finally, there is nothing in the statutory language that denies the righf to renounce to someone who would benefit either directly or indirectly by the renunciation. (Cf. Dreyer v Commissioner, 68 US TC 275.)
The court finds that the administrator of the decedent’s estate validly renounced the decedent’s intestate share in the estate of her son Jacob and that by virtue of this renunciation no property of Jacob’s ever vested in her. The petitioner, therefore, has no interest in the renounced share, and as our decedent’s estate has no assets, no purpose could be served by considering the motion to revoke letters of administration and appoint a successor.
Accordingly, the petitioner’s application is, in all respects, denied.