OPINION OF THE COURT
John J. Fromer, J.
These proceedings are brought by the Greene County Department of Social Services against the administrators of each of the named estates, to compel the filing of intermediate accounts. In each estate, a renunciation of distributive share was filed by a presumptive distributee, to whom the department had previously furnished substantial Medicaid services for nursing home care, for which it is entitled to be reimbursed out of the property of the service recipient. The department’s status in both cases is thus that of a creditor of a beneficiary of the estate. The department seeks in each case to assert these particular renunciations are void because neither beneficiary had sufficient mental capacity to execute and acknowledge the pertinent *162 writings required under EPTL 2-1.11 (subd [b], par [2]). The result sought by the department is the determination that the distributive shares in question vest in the distributees notwithstanding the attempted renunciation, and therefore lay exposed to a claim asserted by the department against the distributees directly in this or another forum.
The fiduciaries in each case seek to defeat the petitions on the grounds, inter alla, that the Surrogate’s Court lacks jurisdiction to determine the validity of the renunciation, and that the Department of Social Services, as a creditor of a beneficiary, has no standing to maintain the present petition for an accounting pursuant to SCPA 2205. They assert the petitions should be dismissed.
This court holds otherwise. The Surrogate’s Court is vested with broad jurisdiction to hear and resolve all matters affecting the administration of decedents’ estates. (Matter of Piccione, 57 NY2d 278; Matter of Vanderbilt, 109 Misc 2d 914, and cases cited thereat.) The law clearly provides that a renunciation may be used to defeat the rights of creditors of the renouncing beneficiary, provided that the beneficiary had the requisite mental capacity to renounce and to execute and acknowledge the writings mandated by statute. (Matter of Schiffman, 105 Misc 2d 1025; Matter of Oot, 95 Misc 2d 702; see, also, Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 2-1.11, p 253.) The petitioners have set forth factual allegations which raise serious issues concerning the mental capacities of both beneficiaries. The primary thrust of the petitions is the issue of capacity, and not the validity of the department’s claims against the distributees. Unquestionably, the validity of the renunciations is a question which vitally concerns the administration of these estates, since the answer determines the persons entitled to distribution of the estates’ assets.
Distinguishable in this regard is Matter of Lainez (79 AD2d 78, affd 55 NY2d 657). There was reaffirmed the general rule that the Surrogate’s Court lacks jurisdiction over a claim by a creditor against a distributee or legatee of an estate, absent a showing that the claim has been assigned to the creditor. In that case,- however, the sole issue *163 was the validity of the creditor’s claim against the distributee, and not whether the beneficiary was entitled to receive the distribution in the first place. Had that issue been raised and not resolved, the orderly administration of the estate would have been impossible. Likewise in this case, there can be no doubt that the Surrogate’s jurisdiction is broad enough to decide the question of the validity of these renunciations. Once the issue of the validity of the renunciations is determined, the Surrogate’s Court can proceed to determine the merits of the creditor’s claims as part of the ongoing Surrogate’s proceeding to avoid multiplicity of actions, even though it could not have entertained this issue separately. (Dunham v Dunham, 40 AD2d 912; Matter of Lainez, supra.)
Having decided there exists subject matter jurisdiction, we next address the standing of the Department of Social Services to maintain these petitions. The question of standing does not arise in a vacuum; rather the nature of an individual’s interest in the outcome of a specific controversy determines whether he has a right to request judicial intervention into the resolution of that controversy. (Matter of Mavis M., 110 Misc 2d 297.) The Surrogate’s Court, if need be, by its own initiative (SCPA 2205) can review any matter affecting the affairs of a decedent’s estate, and the effectiveness of the renunciations at hand is clearly such an issue. Where possible, however, the law favors an adversarial presentation of the issues to be decided, as opposed to a one-sided judicial inquiry, in order to ensure a full and fair opportunity for all parties affected to be heard, as well as to provide a meaningful record for appellate review. It appears that the Department of Social Services, on behalf of the taxpayers of the county, is the only entity with both an interest in demonstrating the invalidity of the renunciations, and an ability to attempt to do so. The court holds that the department’s stake in the outcome of the determination of the validity of the renunciations is sufficient to invest it with standing to maintain and continue these petitions.
The factual issues which have been raised concerning the mental capacity of the renouncing distributees require hearings to determine the mental capacity of each benefit *164 ciary to renounce their respective shares. On the hearings, the petitioner need not show that the respective beneficiaries were declared “incompetents” or should be deemed such, but only that they lacked the requisite mental capacity at the time they executed the renunciations to know what they were signing and to understand the consequences of such an action. (Matter of Scrivani, 116 Misc 2d 204.)
The hearing dates are set as follows:
Vizzie Estate: August 11, 1983 at 9:30 a.m., County Courthouse, Catskill, New York.
The order stopping the discovery notices is hereby vacated and discovery should be completed before the hearing date.
Rogers Estate: August 2, 1983 at 9:30 a.m., County Courthouse, Catskill, New York.