OPINION OF THE COURT
C. Raymond Radigan, J.
This is an application by the fiduciaries of the estate of Anna Ferrazzano for an extension of time to permit the filing of a renunciation on behalf of a beneficiary who postdeceased the testatrix, and for approval of the same.
The instrument offered for filing purports to have been signed by Lucy Scarano and notarized on August 5,1982. It was not offered for filing until March 1, 1984, more than two years after the testatrix’ death.
The lapse of time between the date of death and the petition for an extension would not preclude the granting of an extension (Matter of Palmeri, 75 Misc 2d 639, affd 45 AD2d 726, affd 36 NY2d 895).
However, a question arises as to whether the renunciation can be perfected by filing after Lucy Scarano’s death and if so whether an extension should be granted. If this court determines that the purported renunciation cannot be given effect or an extension is not appropriate, a new application must be made by the fiduciary of Lucy Scarano’s estate in the Surrogate’s Court which has jurisdiction of her estate (EPTL 2-1.11, subd [c]).
The instant application is brought by the fiduciaries of Anna Ferrazzano’s estate who are, incidentally, the beneficiaries who are entitled to the property in question should *283 the renunciation be approved. EPTL 2-1.11 requires notice to those persons whose interest may be created or increased by a proposed renunciation (EPTL 2-1.11, subd [b], par [2]). Clearly, under the present circumstances notice must also issue to the personal representative of the estate of the renouncing party and if there is no fiduciary, to the renouncing party’s distributees, since they may be prejudiced by the approval of the application.
Accordingly, the application is denied without prejudice to a renewed application on notice to those persons indicated above. In the alternative, the application may be withdrawn and a new application brought before the court having jurisdiction of Lucy Scarano’s estate by the fiduciary of her estate.