OPINION OF THE COURT
Bernard Bloom, S.
In her petition to compromise a cause of action for wrongful *1011 death and to judicially settle her account, the administratrix requests that the court give effect to the decedent’s surviving spouse’s waiver of her share of the wrongful death proceeds that she may otherwise be entitled to under EPTL 5-4.4. Objections to the attempted waiver or renunciation have been filed by the Commissioner of Social Services who intends to submit a claim against the spouse for public assistance in the form of Aid to Dependent Children, rendered to her and her child since 1982. The Commissioner contends that EPTL 2-1.11, the statute governing renunciations, does not include within its ambit wrongful death proceeds. The validity of the claim against the spouse is not in issue herein.
FACTS
The decedent died on March 16, 1987, intestate, as a result of injuries sustained as a passenger in a motor vehicle accident on March 11, 1987. He remained comatose from the time of the accident until his death. His distributees are a spouse, Evelyn Dominguez, and two infant children, Yoraidly Jennifer Dominguez and Steven Anthony Dominguez. Steven Anthony Dominguez was born of the marriage between the decedent and Evelyn Dominguez. Yoraidly Jennifer Dominguez is a nonmarital child of the decedent, and the administratrix, Rosemary Morales.
Limited letters of administration issued to Rosemary Morales on June 19, 1987. The decedent has no assets other than a cause of action for wrongful death. The administratrix filed a wrongful death and conscious pain and suffering and an arbitration demand against the decedent’s insurer which resulted in a settlement of $50,000 for wrongful death. The petitioner requests amongst other items of relief that the net amount be distributed to the decedent’s two children. Annexed to the petition is a document entitled “Affidavit of Waiver”, dated April 21, 1988, signed by Evelyn Dominguez and two witnesses wherein the spouse expressly waives any claim she may have to the proceeds of the settlement in favor of the two children.
By order dated March 15, 1989, this court approved the settlement, authorized the administratrix to consent to the settlement and directed the payment of $50,000 to the petitioner’s attorneys to be held in escrow. The items of relief which remain to be determined before the account may be settled are allocation of the recovery to wrongful death, the *1012 fixation of attorneys’ fees, fixation of the compensation of the guardian ad litem and the distribution of the balance of the proceeds. It is noted that the final report of the guardian ad litem appointed for the two children makes reference to an order of support of the Family Court entered against the decedent on behalf of the child, Yoraidly Jennifer Dominguez. He requests that the child’s share be credited with any outstanding sums due pursuant to said order. The guardian ad litem’s request is summarily denied since wrongful death proceeds vest in the distributees, not the estate and are, therefore, not subject to the debts of the decedent such as arrears on a support order. (EPTL 5-4.4 [a]; Matter of Rios, 84 Misc 2d 437 [Sur Ct, Kings County 1975].)
The major issue presented is the proper distribution of the balance of the proceeds. Resolution of this issue is dependent upon a determination of the validity of the renunciation filed by the spouse.
law: right to renounce wrongful death proceeds
Initially, it is observed that the Department of Social Services, as a creditor of the beneficiary/distributee, has been held to have standing in an accounting proceeding to contest the validity of a renunciation where the effect of the renunciation would be to frustrate the department’s claim. (Matter of Vizzie, 120 Misc 2d 161 [Sur Ct, Greene County 1983]; Matter of Rogers, 120 Misc 2d 161 [Sur Ct, Greene County 1983].) This is so, despite the absence of an assignment of the beneficiary’s interest to his or her creditor. (Matter of Vizzie, supra.)
Generally, the law in New York is that any "disposition” of property, as the term is defined in EPTL 2-1.11 (a), may be renounced. Additionally, it has been held that those interests which could have been renounced under common law but are not included within the statutory definition of "disposition” may still be renounced. (EPTL 2-1.11 [h]; Matter of Heffner, 132 Misc 2d 361 [Sur Ct, Nassau County 1986]; Matter of Von Ripper, 95 Misc 2d 952 [Sur Ct, NY County 1978].)
Prior to 1980, EPTL 2-1.11 provided that only dispositions "created under a will or trust agreement * * * created by the exercise of a power of appointment, [or] a distributive share under 4-1.1” could be renounced. (EPTL 2-1.11 [a] [1].) Since the statute listed the types of interests, it was believed that only those interests specifically mentioned could be renounced. (Matter of De Domenico, 100 Misc 2d 446 [Sur Ct, Nassau County 1979] [renunciation of Totten trust accounts not per *1013 missible under EPTL 2-1.11].) In 1980, EPTL 2-1.11 (a) (1) was amended on the recommendation of the Law Revision Commission that the definition of the term "disposition” be expanded to include "all types of 'interests in property’ ”, and thereby eliminate the restrictiveness of the then existing statute. (1980 Report of NY Law Rev Commn, 1980 McKinney’s Session Laws of NY, 1647, 1648.) Effective June 26, 1980, the types of interests which could be renounced include, "without limitation”, Totten trust accounts, life insurance, annuities, employee benefit plans, and any other disposition or transfer created by any testamentary or nontestamentary instrument or by operation of law. The reason for expanding the list of renounceable interests was the recognition that renunciations serve as an invaluable post mortem estate planning device for tax and creditor avoidance. (1980 Report of NY Law Rev Commn, op. cit., 1647.) The policy reason for enacting the renunciation statutes is based upon the concept that no one should be forced to accept an inheritance or a gift, whether the inheritance or gift comes about by will, inter vivos gift, or operation of a statute. (1964 Third Report of Temporary Commn on Estates, Legis Doc No. 19, at 240, 261; Albany Hosp. v Albany Guardian Socy., 214 NY 435 [1915]; Burritt v Silliman, 13 NY 93 [1855].)
The only reported case which considered whether EPTL 2-1.11 applied to a wrongful death recovery predated the 1980 amendment to the statute. In Matter of Summrall (93 Misc 2d 420 [Sur Ct, Bronx County 1978]), the surviving spouse of the decedent sought to renounce her interest in the proceeds of a wrongful death action in favor of her two children. The attempted renunciation was filed more than eight years after the decedent’s death. Citation in the accounting proceeding issued to the Department of Social Services, a creditor of the spouse, who did not appear in the proceeding.
The court concluded that the renunciation statutes, EPTL 2-1.11 as it then existed, and the predecessor statute, EPTL 4-1.3, did not apply to a wrongful death recovery. Its conclusion was premised upon the fact that a wrongful death recovery could not fit into the statutory definition of the term "disposition” which limited the scope of the statute to distributions created under a will, trust agreement, intestacy or the exercise of a power of appointment.
Having concluded that the statute did not apply, another court might have found the attempted renunciation impermissible. (Matter of De Domenico, supra.) However, in Matter of *1014 Summrall (supra), the court permitted the spouse to renounce her share of the wrongful death recovery because the only party who would have been adversely affected by the proposed distribution, namely, the Department of Social Services, had defaulted and was deemed to have consented to the relief sought.
By virtue of the 1980 amendment to EPTL 2-1.11 (a) (1), Matter of Summrall (supra) is no longer controlling on this issue. The term "disposition” now includes, "without limitation”, a disposition created by "operation of law”. Initially, it is observed that the presence of the words "without limitation” which precede the list of dispositions clearly indicates that the list is not exhaustive. Accordingly, the mere fact that a property interest is not specifically referred to in the statute no longer can be held to mean that it is to be excluded.
Of significance is the fact that the term "disposition” now includes those interests created by "operation of law”, which must be held to include a wrongful death recovery. Under the statutes governing wrongful death, a distributee of the decedent who has sustained pecuniary loss by virtue of the decedent’s death has a statutory right to recover damages for the wrongful death of the decedent. (EPTL 5-4.1, 5-4.4; Matter of Kaiser, 198 Misc 582 [Sur Ct, Kings County 1950].) This right of recovery and the recovery itself devolves upon the distributees by operation of law, through no act of their own. (EPTL 5-4.4; Black’s Law Dictionary 985 [5th ed 1979].)
A recovery of wrongful death proceeds, bestowed upon a distributee by operation of EPTL 5-4.4, is in effect a forced recovery, and in that respect is no different than an intestate share, a testamentary bequest, or a bequest under a trust. Accordingly, the principle underlying the renunciation statute, that no person should be forced to accept an intestate share or a testamentary bequest has similar application to a recovery for wrongful death.
For the above-stated reasons, the court hereby determines that EPTL 2-1.11 applies to a recovery of wrongful death proceeds. In the absence of a prior acceptance (see, Smith v City of New York, 74 Misc 2d 723 [Sup Ct, Kings County 1973]; Matter of Thompson, 36 Misc 2d 638 [Sur Ct, Nassau County 1962]), a beneficiary may renounce his or her share of the proceeds of a wrongful death recovery. The effect of the renunciation is that the renouncing beneficiary is deemed to have predeceased the decedent and no recovery ever vests in *1015 the beneficiary. (EPTL 2-1.11 [d]; Matter of Scrivani, 116 Misc 2d 204 [Sup Ct, NY County 1982].) Since the recovery never vests in the beneficiary it is immune from the claims of the beneficiary’s creditors, including a preferred creditor such as the Department of Social Services. (Matter of Schiffman, 105 Misc 2d 1025 [Sur Ct, NY County 1980]; Matter of Vizzie, supra; Estate of Hamilton, NYLJ, Dec. 15, 1972, at 15, col 1 [Sur Ct, NY County].)
CONCLUSION
On the basis of the above, the court finds that Evelyn Dominguez has the right to renounce her share of the wrongful death proceeds and EPTL 2-1.11 governs the procedure for effectuating such renunciation.
APPLICATION OF EPTL 2-1.11
There remains to be determined whether the filed renunciation complies with the procedural requirements of the statute. EPTL 2-1.11 (b) (2) requires that a renunciation be in writing, signed and acknowledged and filed in the court within nine months after the effective date of the disposition. EPTL 2-1.11 (a) (2) defines the effective date of the disposition for only those interests which are specifically referred to as dispositions under subdivision (a) of the statute. Generally, the effective date of the disposition is the date of vesting. Accordingly, EPTL 2-1.11 (a) (2) (A) provides, in part, that the effective date of a disposition created under a will, intestacy, joint account, or a Totten trust is the date of death of the testator, intestate, or creator of the trust account, as the case may be. For a disposition created by operation of law, the effective date of the disposition is "the date of the event by which the beneficiary is finally ascertained.” (EPTL 2-1.11 [a] [2] [C].)
The proceeds of a recovery for wrongful death vest immediately upon the death of the decedent in his or her distributees who have sustained pecuniary loss. (Baer v Broder, 106 Misc 2d 929 [Sup Ct, Suffolk County 1981], affd 86 AD2d 881 [2d Dept 1982]; Matter of Summrall, supra; Matter of Thompson, supra; Matter of Weaver, 195 Misc 405 [Sur Ct, Kings County 1949].) The date of death is the date for determining such distributees. (Woodard v Pancio, 65 AD2d 923 [4th Dept 1978].) Therefore, the date of the decedent’s death is both the date the recovery vests and the event by which the beneficiary *1016 is ascertained. Accordingly, the right to share in the proceeds of a wrongful death action must be renounced within nine months of the date of the decedent’s death.
However, this nine-month limitation is not absolute. The statute bestows discretionary authority upon the court to permit a late filing upon a showing of reasonable cause. (EPTL 2-1.11 [b] [2].) Moreover, the request for an extension of time to file may be made after the expiration of the nine-month period. (Matter of Palmeri, 75 Misc 2d 639 [Sur Ct, Westchester County 1973], affd 45 AD2d 726 [2d Dept 1974], affd without opn 36 NY2d 895 [1975]; Matter of Ferrazzano, 124 Misc 2d 282 [Sur Ct, Nassau County 1984].)
In addition to the time-for-filing requirement, the renunciation must be in writing, signed and acknowledged by the person renouncing. (EPTL 2-1.11 [b] [2].) It is of interest to note that the common-law right to renounce by conduct may still be preserved. (EPTL 2-1.11 [h]; Matter of Von Ripper, supra; cf., Matter of Bernstein, 92 Misc 2d 228 [Sur Ct, NY County 1977].) While the statute contains the word "shall”, a defect in form such as a missing acknowledgement is not fatal and may be cured. (Matter of Palmeri, supra.)
DISCUSSION
In applying the above requirements to the instant case, it is observed that the renunciation, the document entitled "Affidavit of Waiver”, filed by Evelyn Dominguez, as it was filed more than one year after the death of the decedent and unacknowledged, is defective both as to timeliness and form. However, given that this is the first reported decision wherein EPTL 2-1.11 is being applied to a wrongful death recovery, Ms. Dominguez’s failure to comply with the procedural requirements of the statute is understandable and excused. The nine-month period for filing is extended and the defective acknowledgement may be cured as follows: Evelyn Dominguez is directed to file with the court a duly executed renunciation together with an affidavit of personal service of the renunciation upon the administratrix and the guardian ad litem.
DISTRIBUTION OF PROCEEDS
Upon the filing of a renunciation in compliance with the statute, the administratrix is directed to settle one decree incorporating the above determination as to the validity of the renunciation as well as the following decision:
*1017 1) The entire amount is allocated to the cause of action for decedent’s wrongful death.
2) The restrictions in the letters of administration are removed.
3) The proceeds shall be distributed as follows:
a) To the attorneys, the sum of $15,325.50, inclusive of disbursements for all services through distribution, including the appointment of guardians for the two infants and the deposit of the infants’ shares in accounts under joint control with the clerk of this court. The approved compensation is less than the amount requested for the reason that the court is reducing the requested percentage of one third of the net recovery to 30%. The matter was settled with the insurer without the necessity of a court action.
b) To the guardian ad litem for the two infants, $750 inclusive of disbursements.
c) To Domingo Dominguez, $1,300 as reimbursement for decedent’s funeral expenses.
d) The administratrix has waived any commissions and the balance of the proceeds shall be paid, 45% to Steven Anthony Dominguez and 55% to Yoraidly Jennifer Dominguez.