■■■ In the Matter of JOSEPH BENESCH, Appellant, v VILLAGE OF CLAYTON, Respondent.—Judgment unanimously vacated, determination confirmed without costs and petition dismissed. Memorandum: Because petitioner's CPLR article 78 proceeding presented a substantial evidence question, it should have been transferred to this court *(see,* CPLR 7804 [g]; *Matter of Melvin v Kelly,* 126 AD2d 956, *lv denied* 69 NY2d 609; *Matter of Rivera v Beekman,* 86 AD2d 1). Village Law § 8-806, pursuant to which the hearing was conducted, provides that the conviction of a member of a village police force shall be reviewed "in the manner provided by" CPLR article 78. Supreme Court, therefore, improperly denied transfer of the proceeding. However, we consider the matter de novo, as if it had been properly transferred *(see, Johnson v Ward,* 124 AD2d 466; *Matter of Rivera v Beekman, supra).*

Upon a review of the entire record we find that the Village Board's determination was supported by substantial evidence, making it unnecessary to reach the issue of whether peti-

tioner, as a probationary officer, was entitled to the protection of McKinney's Unconsolidated Laws of NY § 891 (L 1940, ch 834). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Article 78.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.