■ In the Matter of JACQUELINE KEUNING, Appellant, v CESAR A. PERALES, as Commissioner of New York State Department of Social Services, et al., Respondents.—Judgment unanimously vacated without costs, determination confirmed

and petition dismissed. Memorandum: The petitioner in this CPLR article 78 proceeding challenges respondents' determination, made after a fair hearing, to discontinue petitioner's home relief and medical assistance benefits because she made a voluntary transfer of a resource for the purpose of qualifying for those benefits *(see,* Social Services Law § 158 [b]; 18 NYCRR 370.2 [c] [6] [i]). Because the petition seeks review of a determination made after a quasi-judicial hearing required by law, at which evidence was adduced, the petition raises a substantial evidence question and should have been transferred to this Court *(see,* CPLR 7804 [g]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). We may, however, consider the matter de novo and review the issue raised as if it had been properly transferred *(see, Matter of Benesch v Village of Clayton,* 185 AD2d 688; *Johnson v Ward,* 124 AD2d 466).

Upon our review of the record, we find that respondents' determination is supported by substantial evidence. It is undisputed that petitioner, while a recipient of home relief and medical assistance benefits, received a check in the amount of $4,093, representing her share, as a distributee, of settlement proceeds in a wrongful death action. Thereafter, she renounced any interest in those proceeds and returned the check to its source. Petitioner's share was distributed proportionately to her siblings, the remaining distributees. Petitioner admitted that, when she received the check, she was aware that she could not retain it and continue to be eligible for public assistance benefits. She was also aware that she could continue her eligibility for public assistance benefits only if the check was turned over to the Niagara County Department of Social Services.

Petitioner contends, however, that she never agreed to the commencement of the wrongful death action, never intended to be a part of it, and received the check only because of the inadvertence of the estate's attorney. Thus, she argues, she demonstrated that she was not motivated by any concern regarding her continued eligibility for public assistance benefits, and therefore, it was error to determine that she made a transfer of property for the purpose of qualifying for public assistance. We disagree. Respondents' determination that petitioner did not overcome the statutory presumption that any "transfer of property within one year of the date of application * * * [was] made for the purpose of qualifying for such benefits" is supported by the record (Social Services Law § 158 [b]; *see,* 18 NYCRR 370.2 [c] [6] [i]). A recipient of, or an applicant for, public assistance benefits is required to utilize

all available resources to eliminate or reduce the need for public assistance. Petitioner, mindful of the implications of her actions, transferred available property for the benefit of her siblings rather than avail herself of that resource to reduce or remove the need for public assistance. (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.—Article 78.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.