■ In the Matter of PETER KIRWIN, Petitioner, v BRIAN J. WING, as Commissioner of New York State Department of Social Services, et al., Respondents. [652 NYS2d 286] —Determination of respondent Commissioner of the New York State Department of Social Services, dated April 28, 1995, which upheld a determination by respondent Commissioner of New York City Department of Social Services that petitioner is ineligible for certain medical assistance benefits, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Fern Fisher-Brandveen, J.], entered March 27, 1996), dismissed, without costs.

The finding that petitioner's resources exceed the permitted maximum (18 NYCRR 352.23 [a], [b]) is supported by substantial evidence (*see, Matter of Keuning v Perales*, 190 AD2d 1033, 1034). Petitioner's student loan proceeds were not exempt. The regulation on which petitioner relies states that only "graduate school grants, loans or scholarships, which are obtained and used under conditions that preclude their use for current living costs" will be exempt from income and resources (18 NYCRR 352.16 [c]). Here, the hearing evidence shows that petitioner used his student loan money for living expenses. Further, respondent correctly denied petitioner an offset (*see,* 18 NYCRR 360-4.8), since petitioner is neither medically needy nor entitled to an extension of medical assistance eligibility (*see,* 18 NYCRR 360-3.3 [b], [c]; 360-4.1 [a]). We have considered petitioner's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.