OPINION OF THE COURT
C. Raymond Radigan, J.
It is customary for a wrongful death compromise petition to contain a representation that the decedent was not a recipient of public assistance (22 NYCRR 207.38; Surrogate’s Court Forms, 22 NYCRR subtit D, form WD-2 18 [b]). As a rule, the Department of Social Services retains a lien on any recovery for the decedent’s pain and suffering because damages of this nature are an asset of the estate. In contradistinction to pain and suffering, damages arising from wrongful death are not estate assets and pass directly to the decedent’s distributees in proportion to their pecuniary injuries caused by the death. As a result, wrongful death proceeds are not recoverable by the Department of Social Services for benefits paid to the decedent.
For the reasons that follow, the court holds that, in certain instances, the wrongful death compromise petition should contain a representation that the injured distributees are themselves free from any obligations or liens for public assistance benefits they received. If the distributees are unable to make such a representation, then the Department of Social Services may be an interested person and invited to intervene pursuant to the discretion of this court as established by EPTL 5-4.4 (a) (1). The court concludes that such participation by the Department of Social Services is not precluded by Matter of Piccione (57 NY2d 278), which divests the Surrogate’s Court of jurisdiction over disputes between living persons.
Marilyn Maier died on May 7, 1991, survived by her three adult children: Daniel Hoole, Jr., Dolores M. Hoole, and Dawn Hoole. Daniel died on August 19, 1993, and is survived by his widow, Donna Salerno Hoole. Dawn has two infant children, the petitioners in this proceeding, who appear by the guardian of their property, Theresa Abanante Hoole. Limited letters of administration were issued to Dolores, who commenced a wrongful death action predicated on allegations of medical malpractice. The action against the hospital was settled for $385,000. In its amended decree of October 28, 1993, this court approved the settlement and the distribution of the net proceeds solely to Dolores. In her wrongful death petition, Dolores represented to the court that she was the sole distributee *1063 of the decedent based upon her siblings’ renunciations. When Daniel’s widow subsequently challenged the veracity of this representation, Dolores was unable to produce a written renunciation from her brother. Dolores reportedly settled her dispute with Daniel’s widow for $75,000.
Following upon Dolores’ settlement with Daniel’s widow, Dawn’s children commenced this proceeding to enforce the renunciation executed by their mother. They maintain that Dawn’s renunciation has the effect of making them distributees of their grandmother who are entitled to a one-third share of the wrongful death proceeds. Their petition contains a variety of allegations of improper conduct on the part of Dolores, her friend and companion Robin Shlakman, and the attorneys who prosecuted the wrongful death action. Dolores and the personal injury attorneys are represented by separate counsel and each cross-moves for an order dismissing the petition. Ironically, one of the arguments advanced by these respondents is that the renunciation they themselves procured from Dawn was untimely and, therefore, ineffective. Consequently, Dawn’s children lack standing as distributees, thereby requiring the dismissal of the petition. Before addressing this issue and others raised by the respondents, the court believes it must address the issue of the Department of Social Services as an interested party. Therefore, the cross motions are continued pending the outcome of that issue.
On April 29, 1993, Dawn Hoole executed a renunciation of her rights to share in the proceeds of any wrongful death action. On December 21, 1994, Dolores Hoole submitted an affidavit to this court in opposition to Daniel’s widow’s application to share in the proceeds of the wrongful death settlement. In this affidavit, Dolores stated that Dawn executed her renunciation because “she was receiving welfare at the time”. At the time, the court was unaware of the existence of Dawn’s children. Their appearance in this proceeding challenges the assumptions that were the foundation of this court’s amended decree of October 28, 1993. The court need not now address the issue of the petitioners’ status as distributees and pecuniary injuries caused by the death of their grandmother. But the court is compelled to consider the implications of Dawn’s renunciation and the potential fraud on the Department of Social Services.
The court believes that if Dawn Hoole was the recipient of public assistance, then the Department of Social Services has the standing to intervene and participate in the wrongful death *1064 compromise proceeding. EPTL 5-4.4 (a) (1) states that this court has the discretion in citing “all interested persons” when determining the proper distribution of wrongful death proceeds. This result is required by the unique nature of a wrongful death cause of action.
A wrongful death action is a creature of statute unknown to the common law. An action for personal injuries belongs to the victim of those injuries and survives the victim’s death as an asset of the estate enforceable by its personal representative (EPTL 11-3.2). The proceeds from an action for personal injuries are freely alienable and may pass through a will or by intestate descent. The recovery from a wrongful death action does not belong to the estate because it did not belong to the decedent. It is distributed directly to the decedent’s distributees who have sustained pecuniary injuries (EPTL 5-4.3, 5-4.4 [a] [1]). Moreover, the wrongful death action and its proceeds are property rights that vest in the distributees and belong only to them as of the date of death (Central N. Y. Coach Lines v Syracuse Herald Co., 277 NY 110; United States v Comparato, 850 F Supp 153, affd 22 F3d 455; 9 Warren’s Heaton, Surrogates’ Courts § 124.02 [1] [6th ed rev]; Turano and Radigan, New York Estate Administration ch 20). It is for this reason that statutory interest is recoverable from the date of death (EPTL 5-4.3; CPLR 5002). Therefore, in a very real sense, a wrongful death cause of action is a dispute between living persons (the tortfeasor and the eligible distributees) and is a statutory exception to Matter of Piccione (supra).
The foregoing is black letter law. But it is also black letter law that the Department of Social Services has a property interest in certain properties that come into the possession of the recipient of public assistance (see, e.g., Social Services Law §§ 104, 104-a, 104-b). Moreover, certain transfers have adverse consequences for Medicaid eligibility (Social Services Law § 366). Therefore, it stands to reason that the Department of Social Services has a right to assert any interest it may have in a distributee’s wrongful death proceeds and that this court has the jurisdiction to entertain the assertion of that right. This result is not merely an exercise in logic; there are policy concerns that also must weigh in the balance. It is conceivable that a particular outcome in this proceeding may work a fraud on the public because none of the parties before the court have an interest in asserting, let alone enforcing, any property interests of the Department of Social Services. That is not to say that by intervening in this proceeding the Department of *1065 Social Services will easily prevail. There are issues and burdens to be overcome. For instance, it has been held that a debtor can renounce interests in property without regard to creditors (Matter of Schiffman, 105 Misc 2d 1025). But there is better authority for the proposition that renounced property may be considered transferred property and therefore counted for purposes of Medicaid eligibility (Matter of Molloy v Bane, 214 AD2d 171; Matter of Keuning v Perales, 190 AD2d 1033). The court renders no opinion on this score. It is premature to even identify, let alone decide, the issues that may arise. This opinion merely holds that the Department of Social Services may have a sharp stake in these proceedings and is not barred from access to this forum by Matter of Piccione (supra). Other courts, in analogous circumstances, have held that creditors of a legatee may have limited recourse to the Surrogate’s Court (see, e.g., Matter of Oot, 95 Misc 2d 702; Matter of Summrall, 93 Misc 2d 420).
Therefore, a copy of this decision will be served on the local and State offices of the Department of Social Services. The Department is invited to intervene in these proceedings pursuant to CPLR 1013 and EPTL 5-4.4 (a) (1) as an interested person. Should the Department fail to make such application on or before January 13, 1999, then the court will proceed to decide the petition and two cross motions on their merits.