[735 NYS2d 596]

Michelle DeLuca et al., Appellants, v Mariellen Gallo et al., Respondents.

Second Department, December 24, 2001

## APPEARANCES OF COUNSEL

*Louis Grandelli,* Brooklyn, for appellants.

*Zachary & Zachary,* Staten Island (*Deborah C. Zachary* and *Mary Ellen Dicks* of counsel), for respondents.

## OPINION OF THE COURT

CRANE, J.

It is well settled that the damages recoverable in a wrongful death action are limited by the Estates, Powers and Trusts Law (EPTL) to fair and just compensation for the "pecuniary injuries" suffered by the survivors of a decedent for whose benefit an action is commenced (EPTL 5-4.3). These compensable damages include the loss of support, services, voluntary assistance, the prospect of inheritance, and the medical and funeral expenses (*see,* EPTL 5-4.3; *Parilis v Feinstein,* 49 NY2d 984, 985; *Regan v Long Is. R. R.,* 128 AD2d 511, 513; *Odom v Byrne,* 104 AD2d 863, 864). The question presented here is whether the beneficiary of a renunciation to the proceeds of a wrongful death action, as the next distributee in line, is limited in her recovery to the amount of pecuniary loss suffered by the renouncing party, or, whether, as the now sole distributee, she is entitled to recover for her own pecuniary losses resulting from the decedent's death.

On July 2, 1998, Michael DeLuca, a 26-year-old off-duty New York City Police Officer, died in a collision between his motorcycle and a motor vehicle owned by the defendant Mariellen Gallo, and operated by the defendant Jill Marie Gallo. At the time of his death, the decedent was survived by his mother, Janet DeLuca, and his 22-year-old sister, Michelle DeLuca. The decedent died intestate.

Michelle DeLuca was granted limited and restricted letters of administration for the estate of Michael DeLuca by the Surrogate's Court of Richmond County on January 8, 1999. On

January 14, 1999, Michelle DeLuca, as the administratrix and on behalf of the distributees of the estate of Michael DeLuca, commenced this action in the Supreme Court, Richmond County. The complaint alleged causes of action on behalf of the decedent's mother, Janet DeLuca, and his sister, Michelle De-Luca, to recover damages for the conscious pain and suffering and wrongful death of the decedent.

On May 2, 2000, the defendants moved, *inter alia,* for partial summary judgment dismissing the wrongful death cause of action asserted by Michelle DeLuca. The defendants argued that the only person entitled to recover damages for the decedent's wrongful death was Janet DeLuca, the sole surviving parent and distributee of the decedent's estate. In opposition to the motion, the plaintiffs informed the defendants and the Supreme Court that on May 9, 2000, Janet DeLuca filed a petition in the Surrogate's Court, Richmond County, renouncing all right, title, and interest to her distributive share of the decedent's property, including any recovery for conscious pain and suffering and wrongful death in the instant action. The renunciation was filed as a result of Janet DeLuca's discovery, subsequent to her son's death and the commencement of this action, that her son maintained two life insurance policies and a pension plan in which he designated his sister, Michelle DeLuca, as the beneficiary. In addition, at the time of his death, the decedent was living with and fully supporting his sister.

The plaintiffs argued that the effect of the renunciation was as if Janet DeLuca had predeceased the decedent, leaving Michelle DeLuca as the next distributee in line who was entitled to recover damages for the pecuniary loss she suffered as a result of her brother's death. The defendants argued in reply that the plaintiffs were attempting to artificially alter the value of the case when plaintiffs asserted that Janet DeLuca's renunciation had the effect of having the law deem that she had predeceased her son, thereby making Michelle DeLuca the "distributee." The defendants argued that Michelle DeLuca's recovery should be limited to the pecuniary loss suffered by Janet DeLuca.

The plaintiffs then moved for partial summary judgment, in effect, declaring that Michelle DeLuca was permitted to assert a cause of action to recover damages for wrongful death. The plaintiffs asserted that EPTL 2-1.11 does not limit, in any way, the amount of Michelle DeLuca's pecuniary loss to the distributive share to which Janet DeLuca would have been entitled. As the next distributee in line, Michelle DeLuca was entitled

to assert a claim to recover damages for the pecuniary loss she herself suffered as a result of her brother's death.

The difference in the amount of pecuniary loss claimed by the decedent's young sister, as opposed to his mother, would be significant. After all, Michelle DeLuca was only 22 years old at the time of her brother's death. Michelle lived with the decedent who allegedly was fully supporting her. Janet De-Luca, on the other hand, lived in her own home and there is no evidence that the decedent provided any financial support to his mother. In addition, Michelle DeLuca sustained a loss of inheritance which Janet DeLuca would probably be unable to claim. The decedent's two life insurance policies and pension plan all named Michelle as the beneficiary. Had the decedent lived, Michelle's inheritance would have greatly increased over time.

By order entered October 6, 2000, the Supreme Court granted the defendants' motion for partial summary judgment, denied the plaintiffs' motion for partial summary judgment, and severed and dismissed the cause of action of Michelle De-Luca to recover damages for the wrongful death of her brother. The Supreme Court held that it was the decedent's mother, and not his sister, who was the distributee for purposes of the wrongful death cause of action. The Supreme Court reasoned that the renunciation, although permissible, should not have the effect of substituting claims for pecuniary damages on behalf of the decedent's sister for those of his mother.

This was error, and we now reverse the order and reinstate the cause of action to recover damages for wrongful death asserted on behalf of the plaintiff Michelle DeLuca without limiting her to her mother's loss as to the amount she is entitled to claim for the pecuniary loss she suffered as a result of her brother's death.

A cause of action to recover damages for wrongful death is a property right belonging solely to the distributees of the decedent and vests in them at the decedent's death (*see, Alberino v Long Is. Jewish-Hillside Med. Ctr.,* 87 AD2d 217, 218). An individual's status as distributee is determined as of the date of the decedent's death (*see, Alberino v Long Is. Jewish-Hillside Med. Ctr., supra*).

At the time of Michael DeLuca's death, he was survived by his mother, Janet DeLuca, and his sister, Michelle DeLuca. For purposes of intestate succession, where a decedent dies intestate and is survived by one or both parents, and no spouse and no issue, all of the decedent's property passes to the surviv-

ing parent or parents (*see,* EPTL 4-1.1 [a] [4]), regardless of the existence of siblings (*see, Reed v County of Schoharie,* 51 AD2d 499, 500-501). Thus, Janet DeLuca was the sole distributee of her son's estate at the time of his death.

However, a beneficiary may renounce all or part of her distributive share in a decedent's estate, including the potential proceeds of an action to recover damages for wrongful death (*see,* EPTL 2-1.11 [b] [1]; *Matter of Molloy v Bane,* 214 AD2d 171, 174; *Matter of Dominguez,* 143 Misc 2d 1010, 1013; *see also, Albany Hosp. v Albany Guardian Socy.,* 214 NY 435). The renunciation is retroactive to the creation of the distribution, and has the same effect as if the renouncing distributee had predeceased the decedent (*see,* EPTL 2-1.11 [d]; *Matter of Molloy v Bane, supra,* at 174). The disposition thus never vests in the renouncing beneficiary (*see,* EPTL 2-1.11 [d]; *Matter of Molloy v Bane, supra; Matter of Scrivani,* 116 Misc 2d 204). It is well settled that the right to renounce exists where the disposition to be renounced is an intestate share of a wrongful death recovery (*see, Matter of Molloy v Bane, supra,* at 174, *citing Matter of Dominguez, supra*).

Because Janet DeLuca renounced her share of the proceeds to be recovered from the wrongful death action, she is considered to have predeceased her son. Thus, the decedent's sister, as his sole heir, is entitled to the entirety of any wrongful death proceeds recovered in the instant litigation (*see,* EPTL 4-1.1 [a] [5]).

In support of their argument that the beneficiary of a renunciation takes only the amount to which the primary distributee was entitled, the defendants rely on two cases, both of which are distinguishable.

In *Matter of Molloy v Bane (supra),* the petitioner, who was receiving Medicaid, renounced her interest in her deceased daughter's estate. As a result, the petitioner's Medicaid benefits were discontinued by the local Department of Social Services on the ground that she had not cooperated with eligibility requirements by failing to pursue an available resource. In upholding that determination, we addressed the need to balance the policy that a gift can be refused, against an equally well established policy that public aid is not without limits (*see, Matter of Molloy v Bane, supra,* at 174). We recognized that Molloy's renunciation of this "potentially available asset was the functional equivalent of a transfer of an asset" (*Matter of Molloy v Bane, supra,* at 175). Thus, we concluded that the plaintiff had "theoretically perpetuated her own neediness by

eschewing a potentially viable resource" which renunciation was "not without its consequences" (*Matter of Molloy v Bane, supra,* at 174-175).

Relying upon the "transferred property" theory of *Molloy*, the defendants in the instant case argue that all renounced property should be treated as transferred property. As such, it has a value, defined at the date of death, which cannot be increased by virtue of subsequent events. What the defendants ignore, however, is that cases such as *Molloy*, and *Matter of Keuning v Perales* (190 AD2d 1033), on which *Molloy* relied, have at their core very important public policy concerns that "a recipient of public assistance is obligated to utilize all available resources to eliminate or reduce the need for public assistance" (*Matter of Molloy v Bane, supra*, at 175-176, citing *Matter of Tutino v Perales,* 153 AD2d 181; *Matter of Flynn v Bates,* 67 AD2d 975; *Matter of Street,* 162 Misc 2d 199; *Matter of Scrivani, supra*). These concerns in the public assistance cases play no role whatsoever in a case such as the one at bar.

The second case relied upon by the defendants is *Larson v Cabrini Med. Ctr.* (175 Misc 2d 573). In *Larson*, a medical malpractice case alleging wrongful death, the Supreme Court granted the defendants' motion for partial summary judgment dismissing all claims for recovery for pecuniary damages allegedly sustained by individuals other than Larson's parents. The basis for this holding was that Larson's parents renounced only their intestate share in their son's estate, and their renunciation did not implicate or otherwise mention their wrongful death claim, which is not part of a decedent's estate (*see, Larson v Cabrini Med. Ctr., supra,* at 576-577). Thus, their renunciation had no bearing on the wrongful death action.

The defendants and the Supreme Court in the instant case, however, relied upon *Larson* for the proposition that damages in a wrongful death action cannot be maximized by transferring distributee status to individuals who were not distributees at the time of death. This was based upon a "finding" by the *Larson* court that a distributee's renunciation of his interest in the *proceeds* of a wrongful death action does not empower the next distributee in line to plead and prove pecuniary losses different from those suffered by the renouncing distributee in whom the wrongful death cause of action vested upon the decedents's death (*Larson v Cabrini Med. Ctr., supra,* at 577; *Murphy v Erie R. R. Co.,* 202 NY 242, 245).

First, this statement is unnecessary to the determination of the *Larson* action since the renouncing distributees did not

properly renounce their share of the proceeds of the wrongful death action. No further analysis was needed for the result reached in *Larson*. Second, this is not an accurate statement of the law. It ignores the effect of a valid renunciation, which, as previously stated, is retroactive to the creation of the disposition and operates as if the renouncing party had predeceased the decedent (*see*, EPTL 2-1.11 [d]; *Matter of Molloy v Bane, supra,* at 174). Thus, the disposition never vests in the original beneficiary (*see, Matter of Molloy v Bane, supra; Matter of Scrivani, supra*). Because the disposition never vests in the renouncing party, there is no valid reason to limit the recovery of the next distributee in line, the beneficiary of the renunciation, to the amount of pecuniary loss suffered by the renouncing party.

The evidence in this case strongly indicates that the decedent was fully supporting his younger sister and intended her to be the beneficiary of his estate. Pecuniary losses to a decedent's distributees which are recoverable in a wrongful death action include amounts the deceased might reasonably have been expected to spend for support and maintenance of these distributees (*see*, EPTL 5-4.3). Thus, the defendants in a case such as the one at bar cannot benefit from a limitation on damages that the EPTL clearly does not impose. When Janet DeLuca renounced all of her right, title, and interest to her distributive share of her son's estate, including any proceeds recovered in the pending action for damages for her son's conscious pain and suffering and wrongful death, Michelle DeLuca became the sole heir as of the date of her brother's death, entitled to recover damages for her own pecuniary loss.

Accordingly, the order must be reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for partial summary judgment dismissing the cause of action by Michelle DeLuca to recover damages for wrongful death is denied, the plaintiffs' motion is granted, and Michelle DeLuca's cause of action to recover damages for wrongful death is reinstated.

O'BRIEN, J. P., LUCIANO and SMITH, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for partial summary judgment dismissing the cause of action by Michelle DeLuca to recover damages for wrongful

death is denied, the plaintiffs' motion is granted, and Michelle DeLuca's cause of action to recover damages for wrongful death is reinstated.