Lotos B. Heller, J.
In this divorce action, plaintiff husband finds himself in a dilemma. Having effected personal service of the summons on his wife in London (she is now in default), the Clerk (Special Term, Part V) refuses to place this action on the uncontested matrimonial calendar, claiming that the affidavit of proof of service is defective. Plaintiff asks the court to find that under the circumstances, the affidavit is sufficient and that service is good and sufficient to confer jurisdiction on the court.
In matrimonial actions, the affidavit “ proving service shall state affirmatively in the body thereof * * * what knowledge the affiant * * * had that [the person served] was the defendant named and how he acquired such knowledge ” (Domestic Relations Law, § 232).
The affidavit of proof of service states that personal service was made on defendant by a London resident on May 17, 1973 at 4 Roxwell Road, Shepherd’s Bush, London W. 12, and that the source of affiant’s knowledge that the person served is the named defendant “ is the fact that she produced correspondence addressed to her.”
Plaintiff asserts only in rem jurisdiction of the marital res (CPLR 314), claiming no personal jurisdiction of defendant. Section 232 of the Domestic Relations Law makes no distinction *983 between in personam and in rem jurisdiction as to the required affidavit of proof of service. In both instances, affiant must state what knowledge he has that the person served is the named defendant, and how he acquired such knowledge. However, that section establishes no criteria by which to determine whether affiant’s identification is sufficient. That is for the court to determine in the light of all the circumstances. "Where the adequacy of proof of service is challenged, the question is almost always whether service was proper (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 306.09, p. 3-146). If it is reasonably certain that the person served is in fact the named defendant, then section 232’s source of knowledge requirement is satisfied.
Service of process is distinguishable from proof of service. Proper service gives jurisdiction; improper proof of service neither voids service nor defeats jurisdiction (Lambert v. Lambert, 270 N. Y. 422; Air Conditioning Training Corp. v. Pirrote, 270 App. Div. 391.)
The parties were married in Grenada, British West Indies, on December 26, 1960, remaining there until 1971, when plaintiff came to New York. His wife, refusing to join him, went instead to live in London. Lacking a photograph of his wife, and unable to obtain one, plaintiff could not employ, the usual method of having the process server identify the person served, through a photograph, as being the named defendant. To remedy this he wrote to his wife asking her to admit service of the summons, but received no reply. We learn from plaintiff’s London attorneys that defendant is evasive and unresponsive, and that efforts by the process server to photograph the person served were unsuccessful. A request for a British police officer to swear that Mrs. Coutain (defendant) resides at the address where service was effected was rejected because, we are told, British police officers may not swear to such affidavits as it is outside their duties. Plaintiff’s cable to his wife requesting her to appear in the action also remains unanswered.
Finding that under the circumstances the source of affiant’s information is sufficient to comply with proof of service requirements of section 232 of the Domestic Relations Law that in fact proper personal service was made under CPLR 314 (personal service without the State not giving personal jurisdiction), that under the circumstances the affidavit of proof of service is adequate and that service of the summons on defendant gives the court in rem jurisdiction, the Clerk is directed tó place this action on the uncontested matrimonial calendar of this court uppn payment of proper fees.
*984 Let a copy of the order to be entered hereon, with notice of entry, be served on defendant via air mail at 4 Roxwell Road, Shepherd’s Bush, London, W. 12, England, return receipt requested via air mail; and
Let a copy of the order entered hereon with notice of entry together with proper proof of service on defendant as required by this order be filed in this action.