**Marilyn KING, Plaintiff,**

**v.**

**BEST WESTERN COUNTRY INN, Defendant.**

**No. 90 Civ. 5791(CSH).**

United States District Court, S.D. New York.

July 3, 1991.

Latimore & Associates, New York City, for plaintiff.

Gladstein & Isaac, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Defendant Best Western Country Inn moves to dismiss this action pursuant to F.R.C.P. 12(b)(1), (2), (4), and (5), claiming lack of subject matter and *in personam* jurisdiction as well as insufficient process and service of process. In addition, defendant has moved for summary judgment pursuant to F.R.C.P. 56(b) maintaining that the statute of limitations has lapsed and no "genuine issue" remains for trial. For the reasons stated below, defendant's 12(b)(2) and summary judgment motions are granted.

## BACKGROUND

Plaintiff Marilyn King, a New York resident, sustained personal injuries, on September 7, 1987, while lawfully upon defendant's property in Norfolk, Virginia. Defendant, a hotel, is a Virginia corporation with its principal place of business in Virginia. It is an independently owned hotel, but does possess a relationship with Best Western International, Inc., an Arizona corporation, where reservations may be made by calling a national toll-free number.[1] Plaintiff alleges that her injuries were a result of defendant's negligence in failing to keep the walk and steps on its property in a safe condition. Plaintiff in her complaint (as amended) seeks $10.5 million in damages. This sum includes costs of medical care and hospitalization (for surgery on a broken hip) as well as loss of usual vocation. In addition, in April 1990 plaintiff tested HIV positive for the AIDS virus and has been told that she may have contracted the virus during a donor blood transfusion necessary during hip replacement surgery following the 1987 incident.

Plaintiff filed this diversity suit in this court on September 7, 1990 at 4:55 p.m. and a summons was issued by the clerk. The events which follow demonstrate the dangers which may result from failing to heed the time-honored adage, "Don't put off till tomorrow something you can do today." In plaintiff's counsel's haste to serve process upon defendant prior to the end of the September 7 workday, counsel served a woman, who refused to identify herself but accepted the service, at 234 W. 48th Street in New York at 5:30 p.m. No proof of service (pursuant to F.R.C.P. 4(g)) was filed by plaintiff.

Plaintiff's counsel in an affidavit (¶ 2) dated March 30, 1990 maintains, "I ascertained that the corporate headquarters for all Best Western/Days Inn Hotels was located at 234 West 48th Street, New York [and] that Mr. Barry Mann was a proper party to accept service on behalf of its affiliates." Counsel does not say how he "ascertained" that purported fact, or what inquiries support what is no more than a conclusory statement. By way of contrast, in a sworn statement, Harsh Bhasin, a Vice President of Chatwal Hotel, with an office at 234 W. 48th Street in New York, maintains that the address in question houses the President Hotel. Bhasin says that this location has "never been a Best Western facility or a regional or corporate headquarters."

Plaintiff tried to effectuate service in Virginia, but was told by the Virginia process server that he was unable to do so. Finally on December 21, 1990, more than three months after filing suit, process was served via the mail, pursuant to F.R.C.P. 4(c)(2)(C)(ii). Ms. Janic Datt, general manager of defendant hotel since September 18, 1990, received the Summons and Complaint together with a Notice and Acknowledgment document in early January, 1991.

---

1. I would have preferred that defendant's counsel make the point clear in his papers. The statement that defendant "has no affiliation with any other Best Western Hotel" (Def. Reply Affidavit ¶ 9) conveys the false impression that defendant has no connection with the Arizona corporation. By calling 1–800–528–1234 (Best Western International's toll-free number), one can make reservations at defendant hotel.

Defendant then filed this motion to dismiss pursuant to F.R.C.P. 12(b)(1), (2), (4), (5), and in the alternative, a motion for summary judgment, as failure to serve defendant within three years of the cause of action barred the claim under the relevant statute of limitations.

## DISCUSSION

### I. Rule 12(b)(1): Subject Matter Jurisdiction

28 U.S.C. § 1332(a) grants original jurisdiction to a federal district court "where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) citizens of different states ..."

Plaintiff's original complaint asserts that the action involves "a sum in excess of $10,000" and asks for a judgment of $1.55 million. The amended complaint asserts damages "in excess of $50,000" and asks for a judgment of $10.5 million. This clearly meets the $50,000 threshold.[2]

■ As plaintiff is a New York resident and defendant hotel is a Virginia corporation with its principal place of business in Virginia, the diversity requirement of the parties being "citizens of different states" has been met.[3] Defendant's 12(b)(1) motion is, therefore, denied.

### II. Rule 12(b)(2): *In Personam* Jurisdiction

In *Roth v. El Al Israel Airlines, Ltd.,* 709 F.Supp. 487, 489 (S.D.N.Y.1989), the court held, "when diversity is the basis of jurisdiction, the Court will apply the law of the forum state in determining personal jurisdiction questions." This is consistent with Justice Frankfurter's explanation in *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945), that *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938),

sought "to insure that in all cases where a federal court in exercising jurisdiction solely because of diversity of citizenship of the parties, the outcome of the litigation should be substantially the same ... as it would be if tried in state court."

Under New York law there are two ways in which a court may exercise personal jurisdiction over a non-domiciliary corporation: (1) If the corporation "does business" in New York, jurisdiction may be exercised pursuant to N.Y.CPLR § 301. (2) Even if the corporation does not "do business" in New York, jurisdiction may be exercised if the corporation falls under New York's long-arm statute (N.Y.CPLR § 302).

### A. "Doing Business"

■ New York courts have consistently applied what has become known as the "doing business" test. In *Frummer v. Hilton Hotels International, Inc.,* 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967) (*citing and quoting Simonson v. International Bank,* 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964)), the New York Court of Appeals elucidated this test in the following manner: "A foreign corporation is amenable to suit in our courts if it is 'engaged in such a continuous and systematic course of "doing business" here as to warrant a finding of its "presence" in this jurisdiction'" (emphasis supplied by court). The court in *Frummer,* 19 N.Y.2d at 536–537, 281 N.Y.S.2d 41, 227 N.E.2d 851 looked to the *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) standard of "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and justice'" (emphasis supplied by court), to insure that "due process" requirements have been satisfied.

In the present case, defendant hotel does not "do business" in New York. To this

---

**2.** Even if the statement of "in excess of $10,000" in the original complaint stood alone, it may be read as something greater than $10,000, including $50,000 or more, especially when the amended complaint states "in excess of $50,-000." *Halmos v. Pan American World Airways, Inc.,* 727 F.Supp. 122, 125 (S.D.N.Y.1989).

**3.** 28 U.S.C § 1332(c)(1) states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ..."

court's knowledge, it owns no property in New York and has no offices in New York. While it clearly has a relationship with Best Western International and the latter has a relationship with hotels in New York, those hotels possess no relationship with defendant, as each hotel is independently owned. The ability to place reservations via a toll-free number printed in the New York telephone listings does not raise defendant's activities to a level of "doing business" in New York. In *Miller v. Surf Properties Inc.*, 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958), the New York Court of Appeals held that a New York travel agency's solicitation of customers for a Florida hotel and its accepting reservations and transmissions for the hotel did not amount to the Florida's hotel "doing business" within New York.

Defendant hotel's "business" (if any) in New York is clearly not sufficiently "systematic and continuous" to allow this court to exercise personal jurisdiction over it pursuant to the "doing business" requirement of the New York courts under CPLR § 301.

### B. *§ 302: New York Long–Arm Statute*

■ New York CPLR § 302 provides in relevant part:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent:
>
> 1. transacts any business within the state ...

For this court to exercise jurisdiction over defendant pursuant to 302(a)(1), "*plaintiff* (emphasis added) must demonstrate that the defendant transacted business within New York *and* (emphasis supplied by court) that the cause of action arose out of said activities." *Wichita Federal Savings and Loan Association v. Comark*, 586 F.Supp. 940, 943 (S.D.N.Y.1984)

### C. *"Transact Business"*

§ 302 "bases jurisdiction on a level of conduct far less than that necessary for the

'doing' of business" (emphasis supplied by court). *Fontanetta v. American Board of Internal Medicine*, 421 F.2d 355, 357 (2d Cir.1970).

The listing in a local telephone directory of a toll-free number does not "constitute the transaction of business within this state requisite for jurisdiction under CPLR 302 (subd. [a], par. 1)." *Ziperman v. Frontier Hotel of Las Vegas*, 50 A.D.2d 581, 374 N.Y.S.2d 697, 700 (2d Dept.1975). In *Greenberg v. R.S.P. Realty Corporation*, 22 A.D.2d 690, 253 N.Y.S.2d 344, 345 (2d Dept.1964), the court held that a reservation made over the phone is held to be a contract made in the state where the operator answering the phone is located. In the present case, defendant maintains in its Reply Affidavit ¶ 10 that the toll-free number of Best Western rings in Arizona or Kansas and hence there is no "transacting business" within New York.

### D. *"Arising From"*

As plaintiff does not allege that her reservation contract was made in New York, the subsequent alleged tort cannot be said to have "arisen" out of defendant's "transacting business" in New York (even if we assume *arguendo* defendant did "transact business" in New York). In *Frummer*, 19 N.Y.2d at 536, 281 N.Y.S.2d 41, 227 N.E.2d 851, the court held that a tort occurring in a foreign hotel did not "arise" out of a transaction of business in New York even though a reservation toll-free number existed in New York, since plaintiff did not allege to have any dealings with defendant hotel or its agents in New York.

For the reasons stated above, plaintiff has not carried her burden of proof with regard to personal jurisdiction over defendant and defendant's 12(b)(2) motion is granted.

### III. Rule 12(b)(4), (5): Insufficiency of Process and Service [4]

Defendant contends that plaintiff has failed to effectuate proper process pursu-

---

**4.** This motion is considered independently of whether the service was effectuated prior to the lapsing of the statute of limitations.

ant to the provisions of F.R.C.P. 4. "The objection must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Photolab Corporation v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir.1986). Once defendant has asserted such grounds, "the burden of proof to establish proper service of process [is] upon plaintiffs." *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n. 2 (1st Cir. 1986). Defendant contends that the service of September 7 was improperly made to a non-party and plaintiff failed to provide proof of such service pursuant to F.R.C.P. 4(g). Def. Reply Affidavit ¶ 5. In addition, defendant never returned the Summons, Complaint or Notice of Acknowledgment, and hence the service was invalid. Def. Notice of Motion ¶ 12. The burden now rests upon plaintiff to demonstrate adequacy of service.

Even if service were ineffective, this court possesses discretion to either dismiss the action or merely quash the service but retain jurisdiction. *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir.1976).

 Granted that the attempted service of September 7 at 234 West 48th Street was to a party in no way related to defendant hotel and hence did not fall under the requirements of N.Y. CPLR § 311 regarding service upon a corporation, this does not render future service invalid. Plaintiff did subsequently attempt to serve process in Virginia, but was told by her process server that he could not effectuate service. Plaintiff then mailed the service pursuant to F.R.C.P. 4(c)(2)(C)(ii) (also N.Y. Business Corporation § 307) on December 21, 1990. Defendant acknowledges it received the service, but failed to send back notice of receipt. In *Lee v. Carlson*, 645

F.Supp. 1430, 1433 n. 6 (S.D.N.Y.1986), the court held that when defendant clearly received the summons even if it failed to return the service (or as in *Lee* defendants contend they never received an acknowledgement form with the summons), the service is not held to be insufficient. In the present case, a representative of defendant contacted plaintiff on January 4, 1991 about the case and defendant concedes that Ms. Janic Datt, general manager of the hotel, and authorized by law to receive service, did in fact receive the documents.[5] Hence, plaintiff cannot be said to have provided insufficient service, as a matter of law.

Although plaintiff failed to file proof of service, both the Federal Rules and New York State law do not invalidate service for failure to provide proof of service. F.R.C.P. 4(g); *Coutain v. Coutain*, 76 Misc.2d 982, 353 N.Y.S.2d 294 (Sup.1974).

Plaintiff has adequately demonstrated sufficiency of process and service and defendant's 12(b)(4), (5) motions are denied.

### IV. Rule 56: Summary Judgment

F.R.C.P. 56(c) provides that summary judgment shall be granted if "there is no genuine issue as to any material fact." Defendant contends that the statute of limitations has not been tolled, and bars plaintiff's claim.

As previously discussed, the application of the Supreme Court decisions in *Erie* and *Guaranty* require that the forum state law governs in diversity suits. N.Y. CPLR § 202 (cause of action without the state) states that "where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply." As plaintiff is a New York resident, the New York statute of limitations of three years within which an action must be commenced in personal injury claims

---

5. It is interesting that the date defendant contends Ms. Datt received the documents was January 6, exactly 121 days after the filing of the action. Under F.R.C.P. 4(j) service must be within 120 days of filing the action. New York State law contains no date requirement, just the requirements of "due process." Even if the Federal Rules governed, it would have to be determined if the 120 day standard is from date of mailing or actual return to plaintiff with notice of acknowledgment. (In *Red Elk v. Stotts*, 111

F.R.D. 87 (D.Mont.1986), the court held that in mailing on the 117th day, plaintiff took the risk that defendant may not return it within 3 days, implying that the date of mailing is not the relevant date. One could distinguish this case as the summons was mailed out 15 days before the deadline.) In addition, the 120th day was January 5, a Saturday, and under F.R.C.P. 6, the deadline is extended to Monday January 7. In view of my resolution of the issues, I need not pursue this matter.

**44**

(N.Y. CPLR § 214(5)) applies. The cause of action accrued on September 7, 1987. The final day to commence the action was September 7, 1990.[6]

In *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980), the Supreme Court held that in diversity suits, the forum state law governs for determining whether the statute of limitations has run. Under New York law, an action is deemed commenced when the summons is served (N.Y. CPLR § 304).

Although plaintiff attempted to serve a party on September 7, 1990 at 234 W. 48th Street, that party was clearly not defendant. "Numerous authorities hold that personal delivery of a summons to the wrong person does not constitute valid service even though the summons shortly comes into the possession of the party to be served." *McDonald v. Ames Supply Co.*, 22 N.Y.2d 111, 114–115, 291 N.Y.S.2d 328, 238 N.E.2d 726 (1968). The purpose of § 304 is a state policy determination to "notify the defendant that the plaintiff seeks a judgment against him so that he may take such steps as may seem advisable to protect his interest." *Connell v. Hayden*, 83 A.D.2d 30, 443 N.Y.S.2d 383, 389 (2d Dept.1981). Requiring actual service promotes the purpose behind a statute of limitations. *Walker*, 446 U.S. at 751, 100 S.Ct. at 1985.

At times, courts have validated service when plaintiff utilized "due diligence" in attempting to serve the proper party. *McDonald*, 22 N.Y.2d at 115, 291 N.Y.S.2d 328, 238 N.E.2d 726.[7] In the present case, however, plaintiff's attorneys failed to act reasonably and diligently. Counsel failed to ascertain the proper place for service and when the "wrong party" was served failed to file proof of service with a descrip-

tion of the party served. Service by mail was not made until nearly three and a half months later. The cases in which improper service did not invalidate the service are those where "defendant resists proper service" (*Ibid.*) or when proper service was made "so close between in time and space that it can be classified as part of the same act." *Ibid.* (*citing and quoting Green v. Morningside Hgts. Housing Corp.*, 13 Misc.2d 124, 177 N.Y.S.2d 760, 761 (Sup. 1958), *aff'd* 7 A.D.2d 708, 180 N.Y.S.2d 104 (1st Dept.1958)). This is not such a case.

Even assuming *arguendo* that 234 W. 48th Street were the corporate headquarters of Best Western International, as plaintiff's counsel claims to have "ascertained," the service would still be invalid as it relates to defendant, Best Western Country Inn. "It is hornbook law that service of process on a subsidiary does not constitute service on a parent nor does service on a parent constitute service on a subsidiary." *In re Crespo*, 123 Misc.2d 862, 475 N.Y.S.2d 319, 323 (Sup.1984). While the precise relationship between defendant and Best Western International is unclear from the documents before this court, the fact that defendant is independently owned negates the possibility that the two are "so clearly related that service on one is service on the other. *McHugh v. International Components Corp.*, 118 Misc.2d 489, 461 N.Y.S.2d 166, 168 (Sup.1983).

For the reasons stated above, the New York statute of limitations has not been tolled and plaintiff's claim is time barred.

### Conclusion

This court lacks *in personam* jurisdiction over defendant and defendant's 12(b)(2) motion is granted. The three year statute of limitations pursuant to New

---

6. In *Evans v. Hawker–Siddeley Aviation, Ltd.*, 482 F.Supp. 547 (S.D.N.Y.1979), the court held that "under § 20 of the [NY] General Construction Law, the date of the event in question is excluded from computation of the limitations period ... this rule results in the anniversary date as the last day for instituting an action."

7. In *Macchia v. Russo*, 67 N.Y.2d 592, 594, 505 N.Y.S.2d 591, 496 N.E.2d 680 (1986), (*citing and quoting du Pont, Glore Forgan & Co. v. Chen*, 41

N.Y.2d 794, 797, 396 N.Y.S.2d 343, 364 N.E.2d 1115 (1977)), the New York Court of Appeals held that with the "enactment of N.Y. CPLR § 308(2), which permits service to be made upon an individual by leaving a copy of the summons with a person other than the named defendant ... 'any consideration of whether due diligence was or was not used in an effort to make delivery to [defendant] in person is irrelevant.'"

York law has not been tolled and even if the court could exercise jurisdiction, plaintiff's claim is time barred. The clerk of the court is directed to dismiss the complaint with prejudice.

It is SO ORDERED.