[985 NE2d 917, 962 NYS2d 606]

In the Matter of NEW YORK STATE OFFICE OF VICTIM SERVICES, on Behalf of LAURA BALOGH and Others, Respondent, v STEVEN C. RAUCCI, Appellant. SHELLEY RAUCCI, Nonparty Appellant.

Argued January 3, 2013; decided February 19, 2013

**APPEARANCES OF COUNSEL**

*Hancock Estabrook, LLP*, Syracuse (*Alan J. Pierce* of counsel), for Steven Raucci and another, appellants.

*Eric T. Schneiderman, Attorney General*, Albany (*Owen Demuth, Barbara D. Underwood* and *Andrew D. Bing* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division for consideration of the facts and issues raised but not determined on the appeal to that Court.

Steven Raucci was convicted of several crimes, including arson, based on two incidents in which he tried (successfully, in one case) to detonate explosives at his victims' homes. Raucci was a public employee, and is entitled to a New York State and Local Retirement System pension, which has been collected by his wife, acting under a power of attorney. Petitioner, the New York State Office of Victim Services, brought this proceeding pursuant to Executive Law § 632-a (the Son of Sam Law) to obtain an order diverting the pension payments to Raucci's inmate account, where they can be frozen and kept available to satisfy any judgments the victims of Raucci's crimes might obtain. Raucci and his wife opposed the relief petitioner sought

on the ground that it was barred by Retirement and Social Security Law § 110 (2), which says that a "pension . . . or retirement allowance . . . [s]hall not be subject to execution, garnishment, attachment, or any other process whatsoever."

Supreme Court agreed with the Rauccis. The court, after rejecting certain of petitioner's arguments, observed that "petitioner has not argued that the Son of Sam Law trumps and/or supersedes" section 110.

The Appellate Division, however, accepted the argument that Supreme Court said was not made, and reversed. The Appellate Division held that a 2001 amendment to the Son of Sam Law defining "funds of a convicted person" to include "all funds and property received from any source" (Executive Law § 632-a [1] [c], as amended by L 2001, ch 62, § 1) eliminated the section 110 exemption in Son of Sam Law cases. The Appellate Division found that this argument was preserved by being raised in the submissions before Supreme Court (*Matter of New York State Off. of Victim Servs. v Raucci*, 97 AD3d 235, 238 [3d Dept 2012]).

The question of whether the Son of Sam Law creates an exception to the exemption granted by section 110 is an important one, but the Appellate Division erred in concluding it was preserved in this case. As Supreme Court correctly said, petitioner did not make the argument; it argued that the Son of Sam Law trumped another statute, CPLR 5205 (c), but not section 110. Indeed, the petition itself contradicts the theory that section 110 is inapplicable to Raucci's pension; it says that "pursuant to Retirement and Social Security Law § 110, it would appear that the retirement funds at issue are not subject to execution, garnishment, attachment, or any other legal process while in the possession and control of the Retirement System."

Our resolution of the question decided by the Appellate Division must await a case in which the issue is preserved. Meanwhile, of course, nothing prevents the legislature from amending one or both of the statutes to make its intention clear.

Chief Judge Lippman and Judges Graffeo, Read, Smith and Pigott concur; Judge Rivera taking no part.

Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, for consideration of the facts and issues raised but not determined on the appeal to that Court, in a memorandum.