Mercure, J.
Appeal (upon remittal from the Court of Appeals) from an order of the Supreme Court (McDonough, J.), entered January 21, 2011 in Albany County, which, in a proceeding pursuant to Executive Law § 632-a, denied petitioner’s motion for a preliminary injunction.
The underlying facts are more fully set forth in our prior decision in this matter (Matter of New York State Off. of Victim Servs. v Raucci, 97 AD3d 235 [2012]). Petitioner commenced this proceeding pursuant to the Son of Sam Law (see Executive Law § 632-a) on behalf of two crime victims of respondent, Steven C. Raucci. Respondent was a public employee, and receives a monthly pension of approximately $5,800, which his wife, Shelley Raucci, collects, acting under a power of attorney. By order to show cause, petitioner moved for a preliminary injunction diverting the pension funds to respondent’s inmate account, and freezing the funds to preserve them for use in satisfying any civil judgments obtained by the crime victims. Respondent and Shelley Raucci, as an interested party, opposed the preliminary injunction. Respondent asserted that his pension funds are exempt from attachment pursuant to Retirement and Social Security Law § 110 (2), which protects a public “pension ... or a retirement allowance . . . and the monies in [those] funds” from “execution, garnishment, attachment, or any other process whatsoever.” Respondent also asserted that attachment is barred by CPLR 5205 (c), which provides that all pension funds are “exempt from application to the satisfaction of a money judgment, ’ ’ with certain exceptions that are not relevant here.
In addition, Shelley Raucci expressly argued that the Son of Sam Law “does not supersede CPLR 5205 (c) or . . . Retirement and Social Security Law § 110.” Despite Shelley Raucci raising the issue of whether the Son of Sam Law supersedes Retirement and Social Security Law § 110, Supreme Court concluded that the issue was not before it because petitioner did not make the argument. We concluded that the issue was preserved (97 AD3d at 238), in reliance on Geraci v Probst (15 *1139 NY3d 336 [2010]). Petitioner argued before Supreme Court that respondent’s “retirement funds are not exempt from the Son of Sam Law freeze under CPLR 5205 (c) . . . [and] Retirement and Social Security Law § 110.” Although petitioner did not frame its argument in terms of the Son of Sam Law trumping or superseding Retirement and Social Security Law § 110, Shelley Raucci did and, thus, we concluded that, as in Geraci, “the issue was squarely presented to Supreme Court and thereby sufficiently preserved for appellate review” (97 AD3d at 238, citing Geraci v Probst, 15 NY3d at 342). We then held that the Son of Sam Law supersedes Retirement and Social Security Law § 110; that is, a convicted person’s state pension is not exempt from the protections extended to crime victims by the Son of Sam Law (97 AD3d at 238-241). We explained that a contrary result was untenable because it “would perpetuate the very injustice that the statute sought to eliminate” (id. at 240).
The Court of Appeals disagreed with our analysis; the Court determined that the legal issue was unpreserved because petitioner did not make the argument (Matter of New York State Off. of Victim, Servs. v Raucci, 20 NY3d 1049, 1051 [2013]). Thus, although the Court recognized that “the question of whether the Son of Sam Law creates an exception to the exemption granted by section 110 is an important one” and suggested that the Legislature “amend! ] one or both of the statutes to make its intention clear” (id.), it did not address the merits of the issue. Rather, the Court of Appeals remitted the matter to us to address the remaining issues.
Petitioner’s alternative argument is that Retirement and Social Security Law § 110 protects pension funds from creditors’ claims only when those proceeds are in the possession and control of the New York State and Local Retirement System. That is, petitioner asserts that section 110 does not protect pension proceeds from garnishment once they have been disbursed to the retiree. As we noted in our prior decision (97 AD3d at 237), the Court of Appeals stated in Board of Educ. of City of N.Y. v Treyball (63 NY2d 980 [1984]) that section 110 shields a retirement allowance from creditors both while the funds are in the possession and control of the Retirement System and after disbursement to retirees (id. at 982). Thus, if it has not been superseded by the Son of Sam Law, Retirement and Social Security Law § 110 exempts the pension funds at issue from garnishment or any other legal process. Inasmuch as we cannot consider the impact of the Son of Sam Law on section 110 in this case, *1140 petitioner’s motion for a preliminary injunction must be denied.*
Peters, PJ., Rose, Lahtinen and Egan Jr., JJ, concur. Ordered that the order is affirmed, without costs.

 The Court of Appeals concluded that petitioner had preserved its argument that the Son of Sam Law supersedes CPLR 5205 (c) (20 NY3d at 1051). We implicitly accepted this argument in our prior decision, and now do so explicitly. For the reasons stated in our decision with respect to Retirement and Social Security Law § 110 (97 AD3d at 238-241), CPLR 5205 (c) is superseded by the Son of Sam Law. Nevertheless, inasmuch as section 110 now acts as an independent bar to the relief that petitioner seeks—due to the current procedural posture of this case—the supersession of CPLR 5205 (c) is irrelevant.