OPINION OF THE COURT
David H. Guy, S.
Deborah A. Grochocki died September 10, 2014, leaving a last will and testament dated October 9, 2012, which devises her entire estate to her son, John C. Greenleaf. The will provides that if Mr. Greenleaf predeceases decedent, the estate will pass to decedent’s friend, Cari Marie Slater, who survived decedent and was also nominated as executor in the will.
The petition for the probate of the will, filed September 22, 2014 by the named executor, lists Mr. Greenleaf as under disability, due to incarceration. Mr. Greenleaf is a convicted murderer and has been incarcerated since long before the will was prepared. On September 30, 2014, the court forwarded a letter to the New York State Office of Victim Services (OVS) advising it of Mr. Greenleaf s status as a beneficiary,[1] as required by SCPA 2222-a.
A citation was issued to Mr. Greenleaf, decedent’s sole distributee, returnable November 3, 2014. A waiver and consent to probate from Mr. Greenleaf was filed with the court on September 29, 2014 and letters testamentary were issued to the named executor on October 1, 2014.
On or about November 24, 2014, the court received for filing a renunciation (renunciation 1) prepared and executed by Mr. Greenleaf pursuant to EPTL 2-1.11 on November 19, 2014, *723 renouncing all but $7,500 of his interest in his mother’s residuary estate. The papers sent to the court for filing did include the required affidavit by Mr. Greenleaf that he has not and will not receive any consideration for his renunciation from the person whose interest is accelerated by his renunciation, and the notice of renunciation which is required to be served upon the executor, both as fiduciary and (in this case) as the person benefitted by the renunciation, all as required by EPTL 2-1.11 (c) (2). No affidavit of service of said notice was submitted with renunciation 1. The renunciation package was returned to Mr. Greenleaf due to that defect and renunciation 1 was not filed.[2] He was advised that upon receipt of an affidavit of service of the required notice, the renunciation documents would be filed.
On February 9, 2015, a copy of an order to show cause and petition from an Albany County Supreme Court action commenced by OVS was received by this court. The order to show cause, dated February 4, 2015, includes a temporary restraining order directed to Mr. Greenleaf, the executor and her attorney, restraining their distribution, encumbrance or any transfer of any portion of the estate payable to Mr. Greenleaf.
On March 3, 2015, the court received and filed a notice of motion and supporting affidavit dated February 22, 2015 from Mr. Greenleaf. The motion papers request the appointment of a guardian ad litem to represent Mr. Greenleaf; dispute the ability of the Albany County Supreme Court to restrain Mr. Green-leafs effort to renounce; and include a new renunciation (renunciation 2), renouncing Mr. Greenleafs entire interest in his mother’s residuary estate, with the required affidavit of no consideration, a notice of renunciation and an affidavit of service of the notice, all dated February 15, 2015. Mr. Greenleafs affidavit also provides additional information on the service of renunciation 1 upon the fiduciary and impacted beneficiary and requests that in the event his February 15, 2015 renunciation is not accepted for filing, that his November 19, 2014 re *724 nunciation be accepted for filing with the court, nunc pro tunc to the date that it was originally received by the court.
On March 24, 2015, the New York State Attorney General’s Office, representing OVS, the petitioner in the Albany County Supreme Court proceeding, filed with this court a copy of an affirmation submitted in Albany County Supreme Court in response to an answer filed in that action by Mr. Greenleaf. By cover letter submitted with the affirmation, the Attorney General requested that the affirmation be considered in opposition to Mr. Greenleafs Broome County Surrogate’s Court motions regarding his renunciations, though the affirmation does not directly address the motions filed by Mr. Greenleaf.
On March 25, 2015, the court entered an order appointing Richard W. Mertens, Esq., as guardian ad litem (GAL) for Mr. Greenleaf. Copies of this order were mailed by the court to the attorneys of record and Mr. Greenleaf. On March 26, 2015 the court entered an order scheduling the oral argument on Mr. Greenleafs motions for April 20, 2015. That order was served by the court upon Mr. Mertens, GAL for Mr. Greenleaf; Kathryn Grant Madigan, Esq., counsel to the executor; and Adele Taylor-Scott, Esq., Assistant Attorney General representing OVS in the Albany County Supreme Court matter.
On April 14, 2015, Mr. Mertens, GAL for Mr. Greenleaf, filed a legal brief in support of Mr. Greenleafs motion to file his November 19, 2014 renunciation, nunc pro tunc to its date of receipt by the court.
On April 17, 2015, Edward J. Wagner, Esq., filed a notice of appearance on behalf of Rodney Unverdorben, father of murder victim Troy Unverdorben, together with his affirmation and an affidavit of Rodney Unverdorben in opposition to Mr. Greenleafs motions. Mr. Wagner’s appearance is premised on Executive Law § 632-a, which gives Mr. Unverdorben the right to pursue a claim against Mr. Greenleaf, as the beneficiary of this estate.
Mr. Greenleafs motions came before the court on April 20, 2015. Appearing were Mr. Mertens, GAL for Mr. Greenleaf; Ms. Taylor-Scott, representing OVS; Ms. Madigan, counsel for the executor;[3] and Mr. Wagner, counsel to Rodney Unverdorben. After brief discussion regarding the parties’ interests and legal *725 positions, the court determined a decision would be made on submission. Attorneys Wagner and Taylor-Scott requested additional time to respond to Mr. Mertens’ brief in support of Mr. Greenleafs motions. The court granted them 30 days to file additional responses, documented by a scheduling order entered on April 20, 2015.
On May 12, 2015, the court received a letter from Mr. Green-leaf requesting contact information for his GAL. Another copy of the court’s March 25, 2015 order appointing Mr. Mertens as GAL was mailed to Mr. Greenleaf that same day, with a letter advising him that the court had granted the attorneys additional time to provide written submissions and would be making a determination on the motions on submission after May 20, 2015. The court also noted that Mr. Greenleaf should communicate to the court through his court appointed GAL.[4]
On May 20, 2015, OVS filed with this court a copy of a decision and order in the Albany County Supreme Court matter, decided by that court on May 5, 2015 and entered in the Albany County Clerk’s Office on May 11, 2015. Ms. Taylor-Scott also filed an affirmation in opposition to Mr. Greenleafs motion dated May 18, 2015. Mr. Wagner filed a memorandum of law dated May 15, 2015 in opposition to Mr. Greenleafs motions. Mr. Mertens, GAL for Mr. Greenleaf, requested and was granted two weeks to file responding papers, which he did on June 8, 2015.
A renunciation is a declination of a right or property bestowed by another, without the disclaiming party ever coming legally into possession of that right or property. The right to renounce has existed in New York in the common law for two centuries (Havens v Sackett & Havens, 15 NY 365 [1857]; Albany Hosp. v Albany Guardian Socy., 214 NY 435 [1915]; Oliver v Wells, 254 NY 451 [1930]). The steps, conditions and effects of a renunciation are now codified in EPTL 2-1.11.[5]
*726 Under both common law and statute, only assets which have not vested in, or have been in some way accepted by, the potential recipient can be disclaimed (EPTL 2-1.11 [g]). The law is clear that an inheritance may be disclaimed, although action by the named beneficiary to accept property may preclude renunciation (Matter of Wilson, 298 NY 398 [1949] [predating the statutes]; Matter of Gates, 189 AD2d 427 [3d Dept 1993]; Matter of Oot, 95 Misc 2d 702 [Sur Ct, Onondaga County 1978]).
The elements of a statutory renunciation include: (1) a written renunciation of interest; (2) an affidavit from the renouncing party that he has not and will not receive consideration for the renunciation from a person whose interest is accelerated by the renunciation; and (3) service of a notice of renunciation upon the fiduciary or other individual/entity holding the assets to be disclaimed, and upon the individual(s) whose interest is accelerated by virtue of the renunciation (EPTL 2-1.11 [c] [2]). The renunciation and affidavit of no consideration are filed in the Surrogate’s Court, together with proof of service of the notice of renunciation upon the proper persons. To satisfy the statute, all of these steps need to be taken within nine months of, in this case, decedent’s death (EPTL 2-1.11 [b] [2] [A]; [c] [2]). A renunciation is irrevocable and the effect of the renunciation is that the renouncing party is treated as if he had predeceased the decedent, with respect to the interest(s) renounced (EPTL 2-1.11 [e], [h]).
Here, Mr. Greenleaf has actually prepared, executed and attempted to file two renunciations. By renunciation 1, Mr. Greenleaf renounced his interest as residuary beneficiary of his mother’s estate, save for the sum of $7,500. Such a partial renunciation is authorized by the statute (EPTL 2-1.11 [f]). His renunciation, affidavit of no consideration and notice of renunciation were all dated November 19, 2014 and were all forwarded to the court and received by it on or about November 24, 2014. Mr. Greenleafs motion papers filed March 3, 2015 include a copy of an un-notarized affidavit of service (hence, not in compliance with CPLR 306 [d]) dated December 1, 2014, indicating proper service of the notice of renunciation 1 upon the fiduciary and benefitted individual (one and the same person) on November 19, 2014. Mr. Greenleaf states that he mailed the original of this December 1, 2014 un-notarized affi *727 davit to the court, but the court has no record of its receipt. The December 1, 2014 un-notarized affidavit is rendered moot by paragraphs 21 and 22 of Mr. Greenleafs motion papers filed March 3, 2015, as those paragraphs of the petition, duly verified, serve as an affidavit of service (compliant with CPLR 306 [d]) of the notice of renunciation 1 on November 19, 2014.
All the steps required by the statute with respect to the renunciation 1 were completed by Mr. Greenleaf well within the statutory nine-month period and all predate the action commenced in the Albany County Supreme Court by OVS. The statute does not require the contemporaneous filing of proof of service of the notice of renunciation with the renunciation and the affidavit of no consideration. It has long been held that service of process is distinguishable from proof of service. Proper service gives jurisdiction; improper proof of service neither voids service nor defeats jurisdiction (Coutain v Coutain, 76 Misc 2d 982 [Sup Ct, Kings County 1974]). Failure to file proof of service within a statutory period may be corrected by the court, nunc pro tunc, as an irregularity, curable by motion (Reporter Co. v Tomicki, 60 AD2d 947 [3d Dept 1978]; Conde v Zaganjor, 66 AD3d 947 [2d Dept 2009]). Here, the proof of service was not filed late, but well within the nine months required by statute, so no motion is required.[6]
The court’s practice of declining to file a renunciation and affidavit of no consideration without having proof of service of the notice of renunciation is merely an expedient of the court, to prevent having to “unfile” where proof of service of the notice of renunciation is not ever received. In this case the court held renunciation 1 and the related affidavit of no consideration for two months before returning them, while efforts were made through counsel for the estate to obtain an affidavit or admission of service of the notice of renunciation 1. The fact is that renunciation 1 and its related affidavit of no consideration were received by the court in filable form on or about November 24, 2014, with no statutory basis for the court to decline filing. Valid proof of service on November 19, 2014 being duly and timely received by the court, Mr. Greenleaf is entitled to have renunciation 1 filed as of the date of its original receipt in November of 2014, as a matter of law.
*728 Since the execution and filing of renunciation 1 were all properly completed by Mr. Greenleaf before the commencement of the OVS action, in the court’s view Executive Law § 632-a does not come into play with respect to renunciation 1. Executive Law § 632-a creates a cause of action for victims of crimes and their representatives, and provides the opportunity for restraints to be put in place against a convicted person, pending resolution of a claim, or even an intended claim, but none of these aspects impact renunciation 1. The court gave OVS the required SCPA 2222-a notice September 30, 2014. Mr. Greenleafs renunciation 1 was completed November 19, 2014 and received for filing on or about November 24, 2014. The Albany County Supreme Court action was filed in that court February 4, 2015, more than two months later.
OVS and Mr. Unverdorben urge the court to void Mr. Green-leafs renunciation as a violation of Debtor and Creditor Law § 273. It is well established that the renunciation statute specifically contemplates the use of a renunciation to avoid creditors (DeLuca v Gallo, 287 AD2d 222 [2d Dept 2001]; Matter of Molloy v Bane, 214 AD2d 171 [2d Dept 1995]; Matter of Schiffman, 105 Misc 2d 1025 [Sur Ct, NY County 1980]; Matter of Scrivani, 116 Misc 2d 204 [Sup Ct, NY County 1982]; Matter of Oot). It may be that “a crime victim does not stand in the same shoes as a potential ordinary creditor” (Matter of New York State Off. of Victim Servs. v Raucci, 97 AD3d 235, 240 [3d Dept 2012], revel on other grounds 20 NY3d 1049 [2013]), but one is still a creditor who will be impacted by a proper renunciation. A claimant’s “status as a preferred creditor, even if true, has no bearing therefore on the question of the validity of the renunciation” (Matter of Schiffman at 1027). The court is also compelled to note that there is not yet even a claim filed against Mr. Greenleaf, let alone a judgment to put anyone in the shoes of a creditor.
OVS points the court to New York State Office of Victim Servs. v Kuklinski (2013 NY Slip Op 32671 [U] [Sup Ct, Albany County 2013]) for the proposition that Mr. Greenleafs renunciations constitute a fraudulent conveyance under Debtor and Creditor Law § 273. Kuklinski is distinguishable in that the convicted person’s attempt to renounce in that case was clearly outside of the requirements of EPTL 2-1.11. The renunciation in Kuklinski was both late and directed in favor of a specific party, thus found not to comply with EPTL 2-1.11 (c) (2) and a transfer subject to restraint. Here, Mr. Greenleaf complied with all the statutory requirements of section 2-1.11 (c) (2).
*729 Mr. Greenleaf also included a second renunciation (renunciation 2) with his motion papers filed March 3, 2015, this time renouncing his share of his mother’s residuary estate in its entirety. The court has already found renunciation 1 valid. It is irrevocable (EPTL 2-1.11 [h]). Thus, the only interest Mr. Greenleaf retained at the time renunciation 2 was filed was the $7,500 excluded from renunciation 1. Renunciation 2, its related affidavit of no consideration and the notice of it, were all properly executed February 15, 2015. The notice of renunciation was served on the fiduciary and interested beneficiary February 22, 2015 and a proper affidavit of service was executed that date and filed with the court as part of the March 3, 2015 motion papers.
These papers, in proper form and received by the court well within the nine-month window for renunciation, must be accepted for filing by the court, unless Mr. Greenleaf s execution of them is a violation of the restraining notice in the order to show cause in the Albany County Supreme Court matter, which predates renunciation 2.
The restraint against Mr. Greenleaf precludes him “from in any way disbursing, distributing, encumbering, transferring or assigning, to anyone and for any reason whatsoever, the whole or any portion of any distributive share of the aforesaid inheritance, which is or may be payable to” him.
OVS cites Matter of Wilson (298 NY 398 [1949]) for the proposition that Mr. Greenleaf held a property interest as of the time of his mother’s death, subject to restraint and attachment. In Wilson, as here, the renouncing party had a restraining notice in place against him at the time his renunciation was prepared and filed. Both the Surrogate’s Court and the Appellate Division found that the renunciation was nonetheless effective against the creditor. While the majority in Wilson does state that the renouncing party had a property right, the decision to reverse the lower courts and allow the attachment of the property rests on the court’s determination that the proof established that prior to renouncing, the renouncing party’s “both acceptance of it by passage of time and by word and conduct” resulted in “his power of renunciation [being] lost to him prior to his attempt to exercise it” (id. at 405). As noted by the dissent, the Court’s holding is based on its conclusion that the record in that case confirmed the debtor had accepted the legacy (id.).
The finding in Wilson has been distinguished by courts determining that a proper (statutory) renunciation is effective *730 (see e.g. Matter of Roe, 18 Misc 2d 970 [Sur Ct, NY County 1959] [renunciation of testamentary interest]). Moreover, Wilson predates New York’s renunciation statute. The statute clarified the steps necessary to document a renunciation and all those steps were properly taken by Mr. Greenleaf.
Neither OVS nor Mr. Unverdorben point to any facts indicating acceptance of this legacy by Mr. Greenleaf, which would preclude his renouncing it. Because the Wilson court made its determination on the ineffectiveness of the renunciation, not on the restraining order in place, a finding that Mr. Greenleaf s statutory renunciation is not a violation of the restraining order from Albany County Supreme Court is consistent with Wilson. The court is compelled to find that Mr. Greenleafs renunciation 2 is also effective as filed and through it he has renounced the balance of his interest in his mother’s residuary estate.
The court is not unaware of its role as a court of equity or without empathy for Mr. Unverdorben’s position. However, to hold otherwise with respect to these statutory renunciations would be completely contrary to established case law and statutes. The court must also be sensitive to the impact on other renunciations, should it fashion some basis to decline to accept Mr. Greenleaf s renunciations.
Executive Law § 632-a is a statutory remedy and as such is to be strictly construed by the court (New York State Crime Victims Bd. v T.J.M. Prods., 265 AD2d 38 [1st Dept 2000]; Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471 [1978]). That its laudable goals are limited in effect is clearly known to the legislature, which amended it and related laws in 2001, to expand it to its current form. The legislature could choose to further expand Executive Law § 632-a by restricting the rights of a convicted person to disclaim, but to date has not done so. The court must abide by the law as it currently exists, not as it might wish it to be (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 73, 74).
OVS cites Molloy v Bain for the proposition that Mr. Green-leafs renunciation can be disallowed or set aside for public policy reasons. However, Molloy v Bain in fact confirms the right to renounce, but highlights that a renunciation is not without consequences to the renouncing party. The individual’s right to renounce was upheld, but also upheld was the right of the Department of Social Services to treat that renunciation as a disqualifying transfer, precluding the renouncing party’s *731 receipt of public benefits. While Mr. Unverdorben may lose an opportunity to recover from Mr. Greenleaf by virtue of these renunciations, neither will Mr. Greenleaf benefit by them. His entire share of his mother’s estate will pass to another person, unrelated to him.
On June 22, 2015, counsel for Mr. Unverdorben requested access to the inventory of assets filed in this estate. Effective February 19, 2014, with the implementation of Uniform Rules for Surrogate’s Court (22 NYCRR) § 207.64, the inventory is among the documents no longer generally accessible by the public. Access to that document may be granted by the court, “which shall not be unreasonably withheld” (Uniform Rules for Sur Ct [22 NYCRR] § 207.64). The guardian ad litem has objected to Mr. Wagner’s access to the inventory, on the basis that his client has no interest in the estate (SCPA 103 [39]). Given that the court’s finding renders Mr. Unverdorben’s potential claim against Mr. Greenleaf moot with respect to this estate, the court sees no reason for this nonpublic document to be disclosed to counsel, at this time.
The guardian ad litem is directed to file an affirmation of services with the court within 30 days.

. Even if Mr. Greenleaf were not a beneficiary this notice would be required, as he is also decedent’s distributee.

. When this renunciation package first came into the court, the court mistakenly assumed it was filed through the efforts of counsel for the estate, since the executor is the individual benefitted by the renunciation. The court communicated with counsel for the estate to request the required affidavit of service of the notice. Counsel advised that the renunciation had not come through their office, but indicated they would talk to the executor, to see if she might do an admission of service, obviating the need for an affidavit of service. Ultimately, it was communicated to the court that counsel would not be participating in this renunciation, so the package was then returned to Mr. Greenleaf, on January 28, 2015.

. Ms. Madigan confirmed at the return date, and by subsequent letter, that she represents the executor in her fiduciary capacity only, not individually. Ms. Slater has an independent interest in this estate as the alternate *725 residuary beneficiary, but has chosen not to retain counsel, or to proceed pro se, in this proceeding.

. In his March 3, 2015 motion papers and in subsequent correspondence to the court, Mr. Greenleaf requested the ability to participate directly in these proceedings, rather than exclusively through his court appointed GAL. Case law supports Mr. Greenleafs request, but given the result reached by the court, Mr. Greenleafs request is deemed moot.

. Effective August 11, 1977. From 1971 to 1977, a renunciation of a testamentary bequest was codified in EPTL 3-3.10, which was repealed with passage of EPTL 2-1.11. Statutory treatment of renunciation of distributions *726 under intestacy was formerly in EPTL 4-1.3, originally enacted in 1966, and also repealed with enactment of EPTL 2-1.11.

. It just so happens that the affidavit of service of notice of renunciation 1 is embedded within Mr. Greenleafs February 22, 2015 affidavit in support of his motions.